**Pablo TELLO, Appellant**

v.

**BANK ONE, N.A.; Banc One Texas Leasing Corp., Appellees.**

No. 14–03–00644–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 1, 2004.

William Peter Capasso, Houston, for appellant.

George M. McDonald, Richardson, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and SEYMORE.

## OPINION

WANDA McKEE FOWLER, Justice.

Pablo Tello brings this appeal from a summary judgment entered against him for breach of a lease agreement he executed for a truck. Because all of the issues in this case are well settled, we issue this memorandum opinion.

Two plaintiffs—Bank One, N.A. and Banc One Texas Leasing Corp.—sued Tello. The "final judgment" disposed of only one of the plaintiffs—Bank One, N.A. Banc One Texas Leasing Corp. was not dismissed from the suit and its claims were not severed.

The dissent claims that we do not know that Bank One, N.A. and Banc One Texas Leasing Corporation are two entities and that we are merely assuming that two plaintiffs sued Mr. Tello. The dissent states that the record treats Bank One, N.A. and Banc One Texas Leasing Corporation as a single entity. We disagree. Two of the documents—both of which were attached to the motion for summary judgment and the petition—directly support our conclusion.

■ The leasing agreement was a Bank One form. The bottom of that form was signed by Tello and an authorized representative of Bank One. Just above the authorized representative's signature the following sentence appears:

> The authorized signature of the Lessor below has the effect of: (1) accepting the terms and conditions of this Lease; (2) acknowledging verification of the Lessee's insurance coverage (see Section 14); and (3) assigning all right, title and interest in this Lease, including all amounts due thereunder, any guaranty and the Vehicle to BANC ONE TEXAS LSNG CORP ("Assignee") pursuant [the next seven or eight words are illegible because the name BANC ONE TEXAS LSNG CORP is typed over them] Agreement.

Thus, a Bank One representative executed the Leasing Agreement and simultaneously with that execution, assigned the lease to Banc One Texas Leasing Corporation. A single entity would not need to assign to itself a lease agreement it just entered into. That would be a senseless act.

The Texas Certificate of Title leads to the same conclusion. It contains the following information:

So, the title lists Banc One Texas Leasing Corporation as the owner of the truck and Bank One Texas N.A. as the first lienholder. A single company would not own a truck and also be a lienholder on the truck. This also supports the conclusion that they are two separate companies.

■ Whether Bank One, N.A. and Banc One Texas Leasing Corporation are, or were, two entities and not one is important for jurisdictional reasons. When a judgment disposes of only one of several plaintiffs, it is interlocutory. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex.2001) (concluding that when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally indicates the trial court's intent to finally dispose of all claims and all parties).

This court has jurisdiction to hear only appeals from final judgments, although it may hear interlocutory appeals in certain types of cases. *See* TEX. CIV. PRAC. & REM. CODE § 51.02 (stating that in a civil case involving more than $100, a party may appeal a final judgment from a district or county court to the court of appeals); *see also* TEX. CIV. PRAC. & REM.CODE § 51.014(a)(1)—(10) (listing the types of cases in which an interlocutory appeal may be brought). This is not one of those cases.

It may be that Bank One, N.A. and Banc One Texas Leasing Corporation are now one company, that one has merged into the other. If that has happened, evidence must be presented to the judge to prove that they are now one company. For, as it now stands, the same documents proving the transaction also prove that Bank One, N.A. and Banc One Texas Leasing Corporation are not one entity, but are separate entities.

Having no jurisdiction to hear this appeal, we dismiss it.[1]

---

**1.** In the interest of judicial economy we also note that, as appellant points out, Bank One

EDELMAN, J., dissenting.

RICHARD H. EDELMAN, Justice, dissenting.

The majority opinion bases its dismissal of this appeal on its conclusions that: (1) "Bank One, N.A.; Banc One Texas Leasing Corporation" was two plaintiffs, rather than one; and, thus, (2) the trial court's judgment (the "judgment") in favor of only "Bank One, N.A." lacked finality for failing to dispose of the claims of Banc One Texas Leasing Corporation. I disagree with each conclusion.

In every pleading and motion filed in this case and every brief filed on appeal, there is but a single plaintiff and appellee, "Bank One, N.A.; Bank One Texas Leasing Corporation [or Corp.]" that is always referred to in the singular often shortened to just "Bank One, N.A."

On the certificate of title to the leased vehicle, "Banc One Texas Lsng. Corp. in C/O Pablo Tello" is shown as the owner, and "Bank One Texas NA" is shown as the lienholder. However, nothing in the record indicates whether: (1) "Bank One Texas NA"; (2) "Bank One, N.A."; (2) Bank One Texas Leasing Corporation; and (4) "Bank One, N.A.; Bank One Texas Leasing Corporation," are two, three, or four entities. In that "Bank One, N.A.; Bank One Texas Leasing Corporation" has brought this action as a single plaintiff, and no special exception, verified pleading, or other challenge has been asserted to its capacity to sue in that name as a single party, I can see no authority or basis (and certainly no reason) for this court to sua sponte conclude that it could not do so or was not doing so, or that the judgment in favor of the commonly shortened name, "Bank One, N.A." could not or did not

dispose of the claims of the one plaintiff named in this case, as the judgment plainly purports to do.

The record also does not indicate the type of lien held by "Bank One Texas NA," for what indebtedness that lien provided security, or against what or whose interest(s) it might have been enforceable. Therefore, the record does not reflect that any entity besides the lessor of the vehicle (and presumably the single named plaintiff that brought the action) would have had standing to assert a claim against Tello with regard to the leased vehicle, such that the trial court would have had subject matter jurisdiction to enter the judgment in favor of any other entity (as the majority assumes to have occurred). Under these circumstances, the decision of the majority that the judgment in favor of "Bank One, N.A." failed to dispose of claims of a second plaintiff is not supported by the record, and the resulting dismissal will serve only to needlessly delay the final resolution of this case.

---

has not proved as a matter of law that all offsets have been made. The affidavit in support of Bank One's summary judgment states that all offsets, payments, and credits have been applied, yet later, the same affidavit states that all offsets have not been made.