Pablo TELLO, Appellant

v.

BANK ONE, N.A. and Banc One
Acceptance Corp., Appellees.

No. 14–04–00888–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 9, 2007.

**112**

William Peter Capasso, Houston, for appellants.

George M. McDonald, Richardson, for appellees.

Panel consists of Justices HUDSON, FROST, and SEYMORE.

## MAJORITY OPINION

CHARLES W. SEYMORE, Justice.

Appellant, Pablo Tello, appeals a summary judgment in favor of appellees, Bank One, N.A. and Bank One Acceptance Corp., on their claim against Tello for breach of a vehicle lease agreement and on Tello's counterclaims for DTPA violations, common-law fraud, and breach of contract. We affirm.

### I. BACKGROUND

Tello entered into a written agreement to lease a truck from Randall Reed Ford. The lease shows Randall Reed Ford as lessor and Tello as lessee. In the same agreement, Randall Reed Ford assigned the lease and the vehicle to Banc One Texas Leasing Corp. Subsequently, Banc One Texas Leasing Corp. merged with Banc One Acceptance Corp. By virtue of this merger, Banc One Acceptance Corp. became the owner/lessor of the vehicle. The title to the vehicle shows Bank One Texas N.A. as lienholder. Bank One Texas N.A. subsequently merged with Bank One, N.A. By virtue of this merger, Bank One, N.A. became lienholder.

Bank One, N.A. and Banc One Texas Leasing Corp. eventually sued Tello, alleging he defaulted on the lease by failing to make some monthly payments.[1] In his answer, Tello raised the affirmative defenses of failure of consideration, fraudulent inducement, and equitable estoppel. He also asserted counterclaims for DTPA violations, common-law fraud, and breach of contract, seeking to recover his own alleged damages and offset any recovery by the Bank on its breach of contract claim. His affirmative defenses and coun-

---

1. Despite the previous merger of Banc One Texas Leasing Corp. into Banc One Acceptance Corp., the petition showed Banc One Texas Leasing Corp. as one of the plaintiffs. The trial court later allowed Banc One Acceptance Corp. to be substituted for Banc One Texas Leasing Corp.

terclaims were all based on his allegation that he does not read or write English and the Randall Reed Ford salesperson induced him to sign the lease by misrepresenting it was an agreement to purchase the vehicle.

■ Bank One, N.A. and Banc One Acceptance Corp. moved for summary judgment on their claim against Tello and on his counterclaims. The trial court signed a "First Amended Summary Judgment" on July 27, 2004, granting summary judgment in favor of Bank One, N.A. and Banc One Acceptance Corp. on their claim against Tello and on his counterclaims.[2] The trial court awarded the Bank $29,366.24 in damages, $13,933.86 for attorney's fees and costs, and post-judgment interest.[3] The trial court also ordered Tello to surrender the vehicle to the Bank.[4]

## II. Discussion

In six issues, Tello contends the trial court erred by (1) granting the Bank's motion for summary judgment on its breach of contract claim; (2) granting the Bank's motion for summary judgment on Tello's affirmative defense of fraudulent inducement; (3) granting the Bank's motion for summary judgment on Tello's affirmative defense of equitable estoppel; (4) granting the Bank's motion for summary judgment on Tello's DTPA counterclaim; (5) generally granting the Bank's motion for summary judgment; and (6) granting the Bank's motion for summary judgment on its claim for damages.

■ For a plaintiff to prevail on a motion for summary judgment when, as here, the defendant has asserted a counterclaim, the plaintiff must prove, as a matter of law, each element of its cause of action and show it is entitled to summary judgment on the counterclaim. *See First State Bank of Athens, Mabank Branch v. Purina AG Capitol Corp.,* 113 S.W.3d 1, 4 (Tex.App.-Tyler 1999, no pet.); *see also Rush v. Barrios,* 56 S.W.3d 88, 97 (Tex. App.-Houston [14th Dist.] 2001, pet. denied). A plaintiff asserting a traditional motion for summary judgment in opposition to a defendant's counterclaim must disprove at least one essential element of the counterclaim as a matter of law.[5] *See*

2. An original motion for summary judgment was filed by Bank One, N.A. and Bank One Texas Leasing Corp., although Bank One Texas Leasing Corp. had merged into Banc One Acceptance Corp. On May 14, 2003, the trial court entered an order granting summary judgment. Tello appealed the summary judgment to this court under case number 14–03–00644–CV. We dismissed the appeal on the ground the summary judgment was not final because it did not dispose of Bank One Texas Leasing Corp.'s claims. *See Tello v. Bank One, N.A.,* 138 S.W.3d 533 (Tex.App.-Houston [14th Dist.] 2004, no pet.). Bank One, N.A. and Banc One Acceptance Corp. then filed a supplemental petition and supplemental motion for summary judgment to clarify the issues concerning their identities. They presented proof that Banc One Acceptance Corp. is the current lessor/owner by virtue of its merger with Bank One Texas Leasing Corp. In the First Amended Summary Judgment, the trial court allowed Banc One Acceptance

Corp. to be substituted for Banc One Texas Leasing Corp. and then granted summary judgment in favor of Bank One, N.A. and Banc One Acceptance Corp.

3. Now that we have clarified the correct names of the Bank entities who are parties to this suit, we will refer to the appellees, Bank One, N.A. and Banc One Acceptance Corp., collectively as "the Bank," except where necessary to refer to them separately.

4. Pertinent pleadings, including the original motion for summary judgment and Tello's response, are not included in the appellate record for this cause number. However, they are included in the record for the appeal from original summary judgment. Accordingly, we have taken judicial notice of that record.

5. The Bank did not specify whether the part of its motion opposing Tello's counterclaims was a traditional motion or a "no-evidence"

TEX.R. CIV. P. 166a(c); *First State Bank*, 113 S.W.3d at 4; *Rush*, 56 S.W.3d at 97; *Taylor v. GWR Operating Co.*, 820 S.W.2d 908, 910 (Tex.App.-Houston [1st Dist.] 1991, writ denied). If the movant establishes a right to summary judgment, the burden shifts to the non-movant to present evidence raising a material fact issue. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995).

 If, as here, the non-movant relies on an affirmative defense to oppose the summary judgment motion, he must provide sufficient summary judgment evidence to create a fact issue on each element of the defense. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Anglo–Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87, 95 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). The non-movant is not required to prove the affirmative defense as a matter of law; raising a fact issue is sufficient to defeat summary judgment. *See Brownlee*, 665 S.W.2d at 112; *Anglo–Dutch Petroleum*, 193 S.W.3d at 95.

We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005). We take all evidence favorable to the nonmovant as true and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Id.*

## A. The Bank's Breach of Contract Claim

 In his first stated issue, Tello contends the trial court erred by granting the Bank's motion for summary judgment on its breach of contract claim. Tello makes one argument, consisting of two-and-a-half-page pages, to support all his issues challenging the summary judgment with respect to his liability to the Bank and with respect to his counterclaim. At the outset of this argument, he makes a bare assertion that a genuine issue of material fact existed on the Bank's breach of contract claim. However, in the argument that follows, he never asserts that the Bank failed to prove the elements of its breach of contract claim. Instead, in what little argument he does advance, he mentions only the factual allegations which form the basis of his counterclaim and affirmative defenses. Therefore, to the extent, he contends the Bank failed to prove the elements of its breach of contract claim, he has waived any such contention by failing to include any argument.[6] *See* TEX.R.APP. P. 38.1(h) (providing that appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record); *Sunnyside Feedyard, L.C. v. Metropolitan*

---

motion. *Compare* TEX.R. CIV. P. 166a(c) *with* TEX.R. CIV. P. 166a(i). At times, the Bank used language applicable to a traditional motion; but at other times, the Bank generally asserted that Tello has "no evidence" to support his various claims or factual allegations. However, the motion did not "state the elements as to which there is no evidence" as required by Rule 166a(i). *See* TEX.R. CIV. P. 166a(i). Because the motion did not unambiguously state it was filed under Rule 166a(i) and did not strictly comply with that rule, we construe it as a traditional motion. *See Adams v. Reynolds Tile & Flooring, Inc.*, 120 S.W.3d 417,

420 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

6. We note that the evidence indicates that only one of the Bank entities, Banc One Acceptance Corp., is the lessor of the vehicle. The evidence shows Bank One, N.A. is a lienholder on the vehicle, but does not show this lien secures the indebtedness that is the subject of the lease at issue or how being a lienholder entitled Bank One, N.A. to recover under the lease. Nevertheless, on appeal, Tello does not argue that both Bank entities failed to prove the initial elements of their breach of contract claim.

*Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex. App.-Amarillo 2003, no pet.) (recognizing failure to either cite authority or advance substantive analysis waives an issue on appeal). We overrule his first issue.

## B. Tello's DTPA Counterclaim

■ We will next address Tello's fourth issue, in which he challenges the summary judgment on his DTPA counterclaim.[7] At the outset of his argument, he generally contends that a genuine issue of material fact existed on his DTPA counterclaim and refers to the DTPA as 17.46(b) of the Texas Business and Commerce Code. However, he does not thereafter mention the DTPA again, cite the elements of a DTPA claim, or specify which acts prohibited by the DTPA were allegedly committed by the Bank. *See Proctor v. White*, 155 S.W.3d 438, 441 (Tex.App.-El Paso 2004, pet. denied) (finding appellants waived challenge to summary judgment on several claims because their argument consisted of several pages referring to evidence in support of factual allegations without a single reference to a relevant case or legal principle).

Nonetheless, in his pleading, Tello alleged that the Bank violated the DTPA by: (1) representing "that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law," *see* TEX. BUS. & COM.CODE ANN. § 17.46(b)(12) (Vernon Supp.2006); TEX. BUS. & COM.CODE ANN. § 17.50(a)(1)(A) (Vernon Supp.2006); and (2) engaging in an "unconscionable action or course of action" by taking "advantage of the lack of knowledge, ability, experience, or capacity of [Tello] to a grossly unfair degree." *See* TEX. BUS. & COM.CODE ANN. § 17.50(a)(3) (Vernon Supp.2006); TEX. BUS. & COM.CODE ANN. § 17.45(5) (Vernon 2002).

■ Although Tello asserted that the Bank violated these provisions, the factual allegation he pleaded was that the *Randall Reed Ford salesperson* misrepresented the lease was a purchase agreement. In support of its motion for summary judgment, the Bank presented an affidavit of its representative who averred as follows: the Bank made no representations to Tello before, during, or at the time of execution of the lease; the Bank had no representative present at the time of the transaction; the Bank was purely a financial institution which purchased the vehicle and the lease from Randall Reed Ford; and Randall Reed Ford was not an agent of the Bank or authorized by the Bank to make any representations to Tello.[8] Therefore, the Bank negated the assertion that it made any misrepresentations to Tello as alleged in his counterclaim and shifted the burden

---

7. Tello also pleaded counterclaims for common-law fraud and breach of contract. However, on appeal, he presents no issue or argument challenging the summary judgment on those counterclaims. Therefore, he has waived any challenge to the summary judgment on those counterclaims. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001) (recognizing appellate court may not reverse summary judgment on a particular claim when appellant fails to challenge summary judgment on that claim).

8. The Bank representative made these averments with respect to Bank One, N.A. and Banc One Texas Leasing Corp., although Banc One Texas Leasing Corp. had already merged with Banc One Acceptance Corp. However, the Bank entities presented proof in their supplemental motion for summary judgment that Banc One Acceptance Corp. became the lessor and owner of the vehicle by virtue of its merger with Banc One Texas Leasing Corp. Therefore, the averments concerning Banc One Texas Leasing Corp. necessarily apply equally to Banc One Acceptance Corp.

to Tello to raise a fact issue on that claim.[9] *See Centeq Realty*, 899 S.W.2d at 197.

In response to the motion for summary judgment and on appeal, Tello merely referred to the contents of his affidavit attached to his response.[10] In the affidavit, he averred that he does not speak or write English and an unnamed Randall Reed Ford salesperson led him to believe the lease was a purchase agreement. Therefore, despite the Bank's evidence, Tello continued to rely solely on the Randall Reed Ford salesperson's alleged misrepresentation to purportedly create a fact issue on his DTPA counterclaim against the Bank. However, in response to the motion for summary judgment and on appeal, Tello offered no argument, authority, or theory to show that the Bank entities who are the current lessor and lienholder may be liable under the DTPA for the Randall Reed Ford salesperson's alleged misrepresentation.

■ We recognize that we must "construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex.2004); *see* Tex.R.App. P. 38.9. However, "we know of no authority obligating us to become advocates for a particular litigant through performing their research and developing their argument for them." *See Jordan v. Jefferson County*, 153 S.W.3d 670, 676 (Tex.App.-Amarillo 2004, pet. denied). We would improperly become an advocate for Tello if we were to develop an argument for imposition of liability on the Bank entities who are the current lessor and lienholder because of the Randall Reed Ford salesperson's alleged misrepresentations. In addition, we may not consider grounds for reversal of a summary judgment that were not expressly presented to the trial court by written response to the motion. *See* Tex.R. Civ. P. 166a(c); *see McConnell v. Southside Indep. School Dist.*, 858 S.W.2d 337, 343 (Tex.1993) (plurality op.). Accordingly, Tello has not demonstrated that there was a genuine issue of material fact on his DTPA counterclaim against the Bank. We overrule his fourth issue.

## C. Tello's Affirmative Defenses

■ In his second and third issues, Tello contends he raised a fact issue on his affirmative defenses of fraudulent inducement and equitable estoppel sufficient to defeat the Bank's motion for summary

---

9. The Bank's motion did *not* specifically address the DTPA counterclaim, although it addressed the factual allegation forming the basis of the counterclaim. *See Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990) (stating defendant moving for summary judgment on ground there is no genuine issue of material fact on essential element of plaintiff's claim must identify or address the claim and its elements). However, on appeal, Tello does not challenge the summary judgment on his DTPA counterclaim on the ground that the Bank's motion was deficient or the trial court granted more relief than requested. *See Beathard Joint Venture v. W. Houston Airport Corp.*, 72 S.W.3d 426, 436 (Tex.App.-Texarkana 2002, no pet.) (recognizing appellant

must raise an issue on appeal that excess relief was improperly granted in summary judgment order); *Toonen v. United Servs. Auto. Ass'n*, 935 S.W.2d 937, 942 (Tex.App.-San Antonio 1996, no writ) (same). Instead, he suggests there was a fact issue on the counterclaim.

10. In his response to the motion for summary judgment, Tello repeated the same general statement to address each counterclaim (as well as each affirmative defense). He merely stated that "a genuine issue of material fact exists as to [counterclaim/affirmative defense]" and referred to his attached evidence and pleadings.

judgment.[11] Tello generally refers to his affidavit, but other than the general summary judgment standards, he cites no authority. He does not cite the elements of the doctrines of fraudulent inducement and equitable estoppel, much less argue why his affidavit raised a fact issue on each element of these defenses. *See Sunnyside Feedyard,* 106 S.W.3d at 173 (holding appellant waived contention that fact issue existed on legal doctrines sufficient to defeat summary judgment by referring to well-developed doctrines without citing basic authority as to their elements or any analysis to show a fact issue existed on these doctrines).

Nevertheless, in response to the motion for summary judgment and on appeal, Tello relied solely on the Randall Reed Ford salesperson's alleged misrepresentation to purportedly raise a fact issue on his affirmative defenses to the Bank's breach of contract claim. However, Tello offered no argument, authority, or theory to show that the Bank entities who are the current lessor and lienholder should be bound by the Randall Reed Ford salesperson's alleged misrepresentation or otherwise subject to any defenses Tello may have had against Randall Reed Ford. Again, if we were to craft such an argument on Tello's behalf, we would improperly become his advocate and improperly consider an issue not expressly presented to the trial court in his summary judgment response. Accordingly, Tello has not demonstrated that he raised a genuine issue of material fact issue on his affirmative defenses. We overrule his second and third issues.

In his fifth issue, Tello generally states that the trial court erred by granting the Bank's motion for summary judgment.

Because we have addressed all the arguments purportedly raised in his first five issues with respect to his liability on the Bank's breach of contract claim and with respect to his counterclaim, we overrule his fifth issue.

### D. The Bank's Damages

In his sixth issue, Tello asserts that the trial court erred by entering summary judgment because there is a genuine issue of material fact regarding the Bank's claim for damages. With respect to this issue, Tello primarily refers to his affidavit, in which he averred that, approximately three years after he executed the agreement, he called the Bank to inquire about his balance and was informed the agreement was a lease—not a purchase agreement. Within about a month, he returned the vehicle to Randall Reed Ford. Other than reciting the general summary judgment standards, Tello's argument regarding the effect of this averment consists solely of the following:

> Had the trial court taken into account [Tello's] claim that he returned the vehicle, the damages would be significantly decreased. The affidavit filed by [Tello] clearly raises a genuine issue of material fact, which is an issue for a judge and jury to decide.

It is not clear whether Tello seeks to avoid liability on the lease based on his return of the vehicle or merely offset the amount of the Bank's damages, although his assertion suggests the latter. Nevertheless, Tello does not cite any authority, offer any argument, or point to any evidence generally showing why he might be entitled to avoid liability on the lease or offset the Bank's damages based on his

---

11. Tello also pleaded the affirmative defense of failure of consideration. However, in his appellate brief, he presents no issue or argument addressing this defense. Therefore, he has waived any contention that the evidence raised a genuine issue of material fact on this defense sufficient to defeat summary judgment. *See Jacobs,* 65 S.W.3d at 655–56.

return of the vehicle. Even liberally construing his brief, we do not know the basis for his allegation that he was entitled to avoid liability or offset the damages by returning the vehicle. Based on his scant argument, we cannot determine whether he is relying on a provision of the lease, some legal principle, or both.

More particularly, Tello does not cite any authority, offer any argument, or point to any evidence showing why he might be entitled to avoid liability or offset the damages awarded the *Bank entity*, who is the current owner and lessor, based on his return of the vehicle to *Randall Reed Ford*, the former owner and lessor. Consequently, by failing to make any substantive analysis whatsoever, Tello has waived his contention that his return of the vehicle raised a fact issue sufficient to defeat the Bank's claim for damages or offset its damages. *See* TEX.R.APP. P. 38.1(h); *Sunnyside Feedyard*, 106 S.W.3d at 173; *see also Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (finding appellant waived issue on appeal by failing to support argument with legal authority or references to the record); *cf. Mex–Tex, Inc.*, 150 S.W.3d at 427 (holding appellant did not waive argument by citing only one statute in its brief considering it was clear appellant was relying solely on this statute and no other authority was necessary).[12]

Moreover, in response to the motion for summary judgment, Tello did not raise his contention that his return of the vehicle should offset the Bank's damages or otherwise defeat its entitlement to summary judgment. The non-movant must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary judgment. *McConnell*, 858 S.W.2d at 343 (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979)); *Dubose v. Worker's Medical, P.A.*, 117 S.W.3d at 916, 920 (Tex.App.-Houston [14th Dist.] 2003, no pet.); *see* TEX.R. CIV. P. 166a(c). "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R. CIV. P. 166a(c); *see McConnell*, 858 S.W.2d at 343; *Dubose*, 117 S.W.3d at 920. Issues are not expressly presented by mere reference to summary judgment evidence. *McConnell*, 858 S.W.2d at 341; *see Dubose*, 117 S.W.3d at 920; *D.M. Diamond Corp. v. Dunbar Armored, Inc.*, 124 S.W.3d 655, 659–60 (Tex.App.-Houston [14th Dist.] 2003, no pet.).[13] However, summary judgments must stand or fall on their own merits, and

---

**12.** Contrary to our dissenting colleague's suggestion, the inadequacy in Tello's brief with respect to this issue is not just a lack of "well-organized and sharply focused writing," but a failure to advance any substantive analysis and cite any authority or evidence to inform us why he was allegedly entitled to offset the Bank's damages or otherwise defeat the summary judgment based on his return of the vehicle to Randall Reed Ford. Moreover, the dissent would reverse the summary judgment because the Bank omitted the back of the lease from its summary judgment evidence and a missing provision may address the effect of Tello's return of the vehicle to Randall Reed Ford on his liability to the Bank or the amount of its damages. However, Tello does not complain that the back of the lease was omitted, much less assert that any missing provisions may address his return of the vehicle. The fact that the dissent advocates reversal on this basis, when Tello makes no such argument, merely accentuates that his contention is inadequately briefed.

**13.** In addition, the requirement that issues be expressly presented by written answer or response refers to an answer or response to the motion for summary judgment, not to the pleadings. *See Wheeler v. Security State Bank, N.A.*, 159 S.W.3d 754, 756 n. 2 (Tex.App.-Texarkana 2005, no pet.) (citing *Clear Creek*, 589 S.W.2d at 673).

the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right. *McConnell,* 858 S.W.2d at 343 (citing *Clear Creek,* 589 S.W.2d at 678). If a non-movant fails to present any issues in its response or answer, the movant's right is not established and the movant must still establish its entitlement to summary judgment. *Id.* "The effect of such a failure is that the non-movant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant." *Id.* (citing *Clear Creek,* 589 S.W.2d at 678).

■ Tello's suggestion on appeal that he may offset the Bank's damages or otherwise avoid liability on the lease based on his return of the vehicle is an issue by which he seeks to defeat the Bank's entitlement to summary judgment—not a challenge to the legal sufficiency of the Bank's summary judgment grounds. To prove its breach of contract claim, the Bank presented portions of the lease and its representative's affidavit purportedly showing Tello failed to make certain payments as agreed and setting forth the balance due. Tello does not contend that this evidence is insufficient to prove the amount of the damages awarded by the trial court.[14] Rather, what little argument Tello does advance suggests he should offset the Bank's damages or otherwise avoid liability, notwithstanding the Bank's proof, because he returned the vehicle to Randall Reed Ford. Consequently, he was required

to "expressly" present this issue to the trial court in response to the motion for summary judgment. *See* Tex.R. Civ. P. 166a(c); *McConnell,* 858 S.W.2d at 343; *Dubose,* 117 S.W.3d at 920.

■ To "expressly" present issues pursuant to Rule 166a(c), "[t]he written answer or response to the motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion." *Clear Creek,* 589 S.W.2d at 678; *see Engel v. Pettit,* 713 S.W.2d 770, 771–72 (Tex.App.-Houston [14th Dist.] 1986, no pet.). The extent of Tello's summary judgment response with respect to the Bank's breach of contract claim was his general statement that a genuine issue of material fact existed on the claim and his reference to his attached evidence and his pleading. Tello made a bare averment in his attached affidavit that he returned the vehicle during a particular time period. However, he made no statement in his affidavit or response regarding the effect of this averment on the Bank's entitlement to summary judgment. Specifically, he did not mention that his return of the vehicle should offset the Bank's damages or otherwise defeat summary judgment, as he now suggests on appeal, much less mention why his return of the vehicle should offset the damages or otherwise defeat summary judgment. He did not even identify the element[s] of the Bank's breach of contract claim on which his return of the vehicle allegedly raised a fact issue or suggest

---

14. Our dissenting colleague advocates reversal because the Bank's own evidence is insufficient to support the damages awarded, and the dissent then calculates the damages purportedly supported by its evidence. However, Tello makes no such argument challenging the sufficiency of the Bank's motion and evidence. The dissent seems to interpret the following statement in Tello's brief as raising this argument: "The motion for summary judgment and its supporting evidence must

show there is no genuine issue of a material fact and that the movant is entitled to judgment as a matter of law." We cannot construe this single reference to the general standard applicable to every summary judgment motion, without any argument concerning, or reference to, the Bank's evidence in this case, as an adequate argument challenging the sufficiency of the Bank's motion and evidence to support the damages awarded.

why it raised a fact issue on any particular element[s].

■ The requirement that the non-movant "fairly apprise" the trial court of the issues allegedly defeating summary judgment clearly contemplates that the trial court is not required to guess why a non-movant presents certain evidence or consider every possible reason the evidence might defeat summary judgment. In short, Tello's bare assertion in his affidavit that he returned the vehicle did not "fairly apprise" the trial court what, if anything, he wanted the trial court to do with that information. *Cf. Engel,* 713 S.W.2d at 771–72 (holding affidavit of attorney filed by non-movant in response to motion for summary judgment requesting recovery of movant's attorneys' fees fairly apprised trial court of issue allegedly defeating the motion by stating the fees were "excessive and unreasonable.").

In sum, trial court could not have erred by refusing to consider the effect, if any, of Tello's return of the vehicle on the Bank's entitlement to summary judgment when Tello never requested that it be considered. Accordingly, because Tello failed to "expressly" present his issue that his return of the vehicle should offset the Bank's damages or otherwise defeat its entitlement to summary judgment in response to the motion for summary judgment, we may not consider it as grounds for reversal.[15] *See Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.,* 747 S.W.2d 464, 469 (Tex.App.-San Antonio 1988, no writ) (finding non-movant waived argument on appeal that it was entitled to additional offset against movant's damages than offset allowed by trial court because non-movant did not raise issue of additional offset in its summary judgment response). We overrule his sixth issue.

Accordingly, the judgment of the trial court is affirmed.

FROST, J., dissenting.

KEM THOMPSON FROST, Justice, dissenting.

Appellees Bank One, N.A. ("Lienholder") and Banc One Acceptance Corporation ("Assignee") filed suit against appellant Pablo Tello to recover sums they claim were owing under the lease agreement; however, they attached only part of the lease agreement to their pleadings, and when they moved for summary judgment in the trial court, they made the same mistake. Consequently, our appellate record contains only part of the contract upon which the trial court's summary judgment is based. As explained in more detail below, this omission is significant because to

---

**15.** The dissent also asserts that Tello was not required to raise the issue regarding his return of the vehicle in his summary judgment response because he is attacking the conclusiveness of the Bank's motion and evidence. As we have noted, Tello has not adequately presented an argument attacking the conclusiveness of the Bank's motion and evidence. But, even if he had, that would be a separate issue than his contention he should nonetheless defeat summary judgment based on his own affidavit showing he returned the vehicle. The fact that the dissent (and Tello) must refer to Tello's *own* evidence attached to his response when urging reversal based on his return of the vehicle shows that his contention is not an attack on the conclusiveness of *the Bank's* motion and evidence. Finally, we disagree with the dissent's suggestion that, because an omitted provision on the back of the lease may address the effect of Tello's return of the vehicle, his contention is merely an attack on the conclusiveness of the Bank's motion and evidence. Even if the Bank had attached all the provisions and a missing provision addressed the effect, if any, of Tello's return of the vehicle, such provision would have been inconsequential unless Tello "expressly" presented to the trial court his contention that return of the vehicle should affect the Bank's entitlement to summary judgment.

recover damages for breach of a contract as a matter of law, the movant must establish the amount of damages flowing from the breach. In this case, the part of the lease agreement omitted from our record contains terms regarding early termination of the lease, any security interest in the vehicle, and default charges—parts that would show how much Tello would owe if he terminated the lease before the end of its term and how much the Lienholder and the Assignee (hereinafter collectively "Bank One Entities") would be entitled to recover for breach of the lease agreement. Moreover, because the Assignee does not have the vehicle and has no way of knowing the amount of mileage on the vehicle, it is not possible to calculate any applicable mileage penalty, a data point necessary to determine the amount ostensibly due under the lease. Based on the portions of the lease that *are* in the summary-judgment evidence, Tello owes only a fraction of the amount the trial court awarded in actual damages.

In his appellate brief, Tello asserts that the trial court erred in granting summary judgment as to the amount of contract damages for which he is liable. Construing Tello's brief liberally, as this court must, Tello argues that the traditional summary-judgment motion and attached evidence did not prove the lack of a genuine issue of fact and that the Bank One Entities are entitled to judgment as a matter of law for the damages awarded on their contract claim. This assertion is correct and should be sustained, but rather than reaching the merits of Tello's winning argument, the court erroneously concludes that Tello should lose based on a failure to preserve error.

According to the majority, Tello did not expressly present his sixth issue to the trial court, thereby waiving this issue. This analysis is based on the majority's conclusion that Tello's argument is not an attack on the sufficiency of the summary-judgment motion, a point that need not be raised in the trial court to be asserted on appeal. This conclusion is incorrect because, under a liberal construction, Tello's argument under his sixth issue challenges the sufficiency of the Bank One Entities' motion and proof of their entitlement to summary judgment on their contract claim. Therefore, contrary to the majority's assertion, this argument did not have to be raised in the trial court. *See M.D. Anderson Hosp. and Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000) (stating that, as to traditional motions for summary judgment, nonmovant has no duty to respond unless the movant conclusively establishes its claim or defense). There is no valid basis to find waiver for failure to preserve error in the trial court.

The court also holds that Tello waived this point through inadequate briefing. This analysis, though a somewhat subjective call, is contrary to the standards the Texas Supreme Court has articulated for disposing of parties' appellate rights without reaching the merits of their appellate points. Under both the Texas Rules of Appellate Procedure and Texas Supreme Court precedent, this court must construe the briefing rules reasonably, yet liberally. *See* Tex.R.App. P. 38.1(h), 38.9; *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.,* 150 S.W.3d 423, 427 (Tex.2004). Substantial compliance with the briefing rules may be sufficient, and this court is not required to insist on unerring compliance with them. *Bufkin v. State,* 179 S.W.3d 166, 174 (Tex.App.-Houston [14th Dist.] 2005), *aff'd,* 207 S.W.3d 779 (Tex.Crim.App., 2006). Texas courts have embraced this liberal briefing standard largely because the proper objective of a reviewing court is to reach a just, fair, and equitable adjudication of the rights of litigants under established principles of substantive law.

While well-organized and sharply focused writing is always appreciated, that is not the standard by which we determine the legal adequacy of appellate briefs. The Texas Supreme Court has set a far more forgiving standard, one that requires appellate courts to construe arguments liberally so that parties' poor presentation of their appellate points does not result in a forfeiture of the opportunity for a merits review.

Ideally, an appellant's brief should contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX.R.APP. P. 38.1(h). We must interpret this requirement reasonably and liberally. *See* TEX.R.APP. P. 38.1(h), 38.9; *Mex–Tex, Inc.,* 150 S.W.3d at 427; *see also Tribble & Stephens Co. v. RGM Constructors, L.P.,* 154 S.W.3d 639, 675 (Tex.App.-Houston [14th Dist.] 2004, pet. denied) (plurality op.) (construing appellate brief liberally as asserting that contract was ambiguous even though brief did not state that contract was ambiguous). Applying these standards in construing Tello's appellate brief, this court should discern, at a minimum, an argument challenging the trial court's summary judgment in favor of the movants, the Bank One Entities, on their contract claim.

Under the applicable standard of review, we must take as true all evidence favorable to Tello and make all reasonable inferences in his favor. *See Dolcefino v. Randolph,* 19 S.W.3d 906, 916 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Thus, in evaluating the propriety of summary judgment, we must consider the following facts and all reasonable inferences therefrom:

Tello, who speaks Spanish but does not read or speak English, went to Randall Reed Ford in May 1999, to buy a truck. He signed a contract, written in English, which he believed to be an agreement to purchase the vehicle, based on conversations he had with the Spanish-speaking salesman. However, the contract he signed was a lease agreement and he unknowingly had agreed to lease—not buy—the truck. The lease identified an assignee, Bank One Texas Leasing Corporation, to whom monthly payments were to be made. Tello made monthly payments on the truck for the next three years. Then one day he called to find out the outstanding balance and was told that he had not bought the truck but had leased it instead. While still current in his payments, in July 2002, Tello returned the truck to Randall Reed Ford, and continued to make payments on it through September 2002.

In his sixth issue, Tello asserts that the trial court erred in granting summary judgment because, under the applicable standard of review, Tello's affidavit raised a genuine issue of material fact regarding the amount of contract damages for which he is liable to the Bank One Entities. Tello points to his testimony that, after he learned the agreement he signed was a lease and not a sales contract, he returned the vehicle to Randall Reed Ford. Tello then asserts that (1) "[t]he motion for summary judgment and its supporting evidence must show there is no genuine issue of a material fact and that the movant is entitled to judgment as a matter of law"; and (2) "[h]ad the trial court taken into account appellant's claim that he returned the vehicle, the damages would be significantly decreased." (citations omitted). Read liberally, Tello's brief contains the argument that, based on his return of the truck three years after signing the contract and three months before he stopped making payments, the trial court erred in granting summary judgment on the Bank One Entities' contract claim because their motion and supporting evidence did not

show that they are entitled to judgment as a matter of law for the amount of damages awarded—more than $29,000, before attorney's fees. Tello points to his summary-judgment proof that he returned the vehicle to Randall Reed Ford in July 2002, and asserts that, if this evidence is true (and we must presume that it is), then the damages would be significantly decreased.

The majority reaches the wrong conclusion—that the Bank One Entities are entitled to summary judgment on their claim for contract damages—partly because it is asking (and then answering) the wrong question. The inquiry is not whether Tello defeated the Bank One Entities' traditional summary-judgment motion but whether the Bank One Entities, as movants, established their entitlement to the amount of damages awarded as a matter of law. The majority erroneously frames the issue as one of Tello failing to establish an offset when it is actually a failure by the Bank One Entities to carry their summary-judgment burden—or even to present a prima facie case to recover the amount of damages awarded under the lease. Instead of faulting the movants (the Bank One Entities) for failing to show from their own summary-judgment proof how they arrived at the amount awarded, the majority criticizes the non-movant (Tello) for failing to "cite any authority or evidence to inform us why he was allegedly entitled to offset the Bank's damages or otherwise defeat summary judgment."[1] The problem with the summary judgment is not what Tello failed to do in attacking it, but what the Bank One Entities failed to do in the first instance to prove their damages as a matter of law.

Recovery under a lease agreement is not automatic nor is there a universal measure of damages for breach. "The ultimate goal in measuring damages for a breach-of-con-

tract claim is to provide just compensation for any loss or damage actually sustained as a result of the breach." *Mays v. Pierce*, 203 S.W.3d 564, 577 (Tex.App.-Houston[14th Dist.] 2006, pet. filed); *Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 328 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). Typically, the measure of damages in a breach-of-contract case is the benefit-of-the-bargain measure, the purpose of which is to restore the injured party to the economic position it would have been in had the contract been performed. *Mays*, 203 S.W.3d at 577; *SAVA gumarska in kemijska industria d.d. v. Advanced Polymer Scis., Inc.*, 128 S.W.3d 304, 317 n. 6 (Tex. App.-Dallas 2004, no pet.). Because the movants failed to show what the contract provides as the measure of their recovery (or to show from the terms of the contract that the damage calculations would not be impacted by the missing portions of the contract), the Bank One Entities failed to establish a prima facie case for the damages awarded, let alone establish their entitlement to damages as a matter of law.

This is not a suit on a sworn account in which the plaintiff's sworn and unrefuted assertion of the amount allegedly owed itself will constitute prima facie evidence of damages; rather, this is a breach-of-contract case in which the movants are required to prove their entitlement to damages by establishing the amount of those damages under the terms of the contract. *See e.g. Park v. Swartz*, 110 Tex. 564, 222 S.W. 156 (1920) (holding that plaintiff *"prima facie* was entitled to as damages the amount which *under the contract* he would, presumably, have earned . . .")(emphasis added); *Consol. Petroleum Partners, I, LLC v. Tindle*, 168 S.W.3d 894, 900 (Tex.App.-Tyler 2005, no pet.) (determin-

---

1. *See* majority opinion, at 118.

ing damages based on "the amount of money to which [plaintiff] was entitled as reimbursement *pursuant to the agreement*") (emphasis added); *Garza v. Allied Fin. Co.*, 566 S.W.2d 57, 62 (Tex.Civ.App.-Corpus Christi 1978, no writ)(holding that summary-judgment evidence consisting of "the manager's affidavit and *copy of the note and security agreement* present evidence establishing a *prima facie* case in a suit on a promissory note . . .") (emphasis added); *Hagar v. Texas Distrib., Inc.*, 560 S.W.2d 773, 775 (Tex.Civ.App.-Tyler 1977, writ ref'd n.r.e.)(holding summary-judgment proof sufficient in promissory note case after looking to the "face of the note" and determining the amount that was due thereon). The Bank One Entities not only failed to prove the terms of the lease agreement that would entitle them to the sums awarded, they omitted portions of it that are germane to their dispute with Tello and the proper calculation of damages flowing from his alleged failure to perform. As the movants, the Bank One Entities had to present evidence to support the damages they sought under the contract. They failed to satisfy this burden. It is simply not possible to tell from the Bank One Entities' summary-judgment proof how much (if any) is owing under the lease. According to the Bank One Entities' affidavit, the first payment Tello failed to make under the lease was the payment due in October 2002, three months after Tello returned the vehicle to Randall Reed Ford. While Randall Reed Ford is an entity distinct from the Bank One Entities, the lease agreement contains defined terms which include Randall Reed Ford and any party to whom the lease is assigned in its definition of "we," "us," and "our" as used in the lease. Furthermore, the lease states at least three times that there are additional terms and conditions

on the reverse side of the pages of the lease, none of which are in our record. The lease portion that *is* in the record unambiguously states that the back of the lease document contains "*additional information on early termination, . . . late and default charges, . . . and any security interest, if applicable.*" [2] Because our record does not contain a copy of the reverse sides of these pages, this court is not aware—and presumably the trial court was not aware—of all of the terms of the lease, any one of which could undermine the damage calculation proffered by the Bank One Entities. The absence of the contract or other proof of its terms creates an ambiguity that cannot be resolved by turning to the summary-judgment proof before this court.

Because the part of the lease contained in the record does not address early termination, default, credits, or what happens if Tello returns the vehicle before expiration of the lease term, it provides no basis for determining the amounts owing, if any, under the lease. The Bank One Entities' summary-judgment affidavit states the following:

- Tello missed at least six payments starting in October 2002.
- After all offsets, payments, and credits were allowed and applied, the outstanding balance on the lease including principal and interest was $25,693.46 as of January 14, 2003.
- Prejudgment interest has been accruing at the rate of six percent per annum, which equates to $4.22 per day.

However, there is no summary-judgment evidence addressing how credits are applied under the lease agreement or addressing the effect, if any, of Tello's return of the vehicle in July 2002, on Tello's liabil-

2. Emphasis added.

ity for various sums allegedly owing under the lease. The Bank One Entities asserted that they did not have the vehicle and that Tello had concealed it and refused to surrender possession of it to them. Nothing in their summary-judgment evidence shows that the Bank One Entities had knowledge of the truck's whereabouts or its odometer reading. Therefore, the Bank One Entities have no way of knowing the amount of mileage on the truck to calculate any applicable mileage penalty. Based on the summary-judgment evidence and the parts of the lease the Bank One Entities did attach to their motion, Tello would owe only $9,870 (21 monthly payments of $470) plus a $350 return fee. Nonetheless, the trial court awarded the Assignee in excess of $29,000 in actual damages, even though this amount is not supported by the part of the contract contained in the summary-judgment evidence and even though the missing parts of the lease (like certain parts of it that *are* in the record) may use the term "we" or "us" for the person to whom the truck may be returned, which terms would include Randall Reed Ford.

Though an affidavit containing a statement of balance due can in some instances suffice to satisfy a movant's summary-judgment burden, when, as in this case, the summary-judgment affidavit itself creates a fact question that cannot be resolved by turning to the summary-judgment proof, a material fact issue as to the measure of damages arises and precludes summary judgment. *General Specialties, Inc. v. Charter Nat'l Bank–Houston,* 687 S.W.2d 772, 774 (Tex.App.-Houston [14th Dist.] 1985, no writ) (ambiguous lump sum figure in suit for collection on note, that is unexplained by other summary-judgment proof raises fact issue precluding summary judgment); *FFP Mktg. Co., Inc. v. Long*

*Lane Master Trust IV,* 169 S.W.3d 402, 411–12 (Tex.App.-Fort Worth 2005, no pet.). Because the Bank One Entities did not prove up all of the terms of the lease on which they sought and obtained summary judgment, this court has no way of knowing the appropriate amount of damages for breach of the agreement or whether Tello's return of the vehicle affected the calculation of damages under the Bank One Entities' contract claim. These ambiguities cannot be resolved by turning to their summary-judgment proof. Thus, on a merits review, the summary-judgment evidence does not support the amount of damages the Bank One Entities sought and the trial court awarded. Therefore, even if Tello had not responded at all, it would not have been proper to grant summary judgment on the Bank One Entities' breach-of-contract claim.

Moreover, even if the Bank One Entities had not failed in the first instance, they still would not be entitled to summary judgment because Tello raised a fact issue as to the proper amount of damages based on his affidavit demonstrating he returned the leased vehicle and received no credit for it. Summary judgment is not proper because Tello raised a fact issue that had the Bank One Entities calculated the sums they claim are owing in accordance with the lease agreement, the amount of damages awarded would have been less. In Tello's words, *"[h]ad the trial court taken into account appellant's claim that he returned the vehicle, the damages would be significantly decreased."*[3] (citations omitted).

For these reasons, the Bank One Entities did not prove their entitlement to summary judgment on their contract claim as a matter of law. *See McCulley Fine Arts Gallery, Inc. v. "X" Partners,* 860 S.W.2d

---

3. Emphasis added.

473, 478 (Tex.App.-El Paso 1993, no writ) (reversing summary judgment based on failure to prove contract claim as a matter of law). This court should sustain Tello's sixth issue, reverse the summary judgment as to the Bank One Entities' contract claim against Tello, sever, and remand for further proceedings. Because it does not, I respectfully dissent.