**Petition for Writ of Mandamus Denied in Part and Dismissed in Part and Memorandum Opinion filed June 27, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00529-CV

### IN RE SOLUM ENGINEERING, INC., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-35151**

---

### MEMORANDUM OPINION

On June 18, 2013, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel Chris Daniel, the District Clerk of Harris County, (1) to notify Judge Bennett that relator's original petition was not filed in Harris County because Chris Daniel did not collect the filing fee; and (2) to collect fees,

make notifications, and file and docket transferred cases in strict accordance with Texas Rule of Civil Procedure 89 and Texas law.

This Court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs against a district court judge or county court judge in the court of appeals' district, and (2) all writs necessary to enforce the court of appeals' jurisdiction. Tex. Gov't Code Ann. § 22.221 (Vernon 2004). Because this portion of the petition for writ of mandamus is directed toward a district clerk and is not necessary to enforce this court's jurisdiction, we have no jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(b)(1). Accordingly, the petition for writ of mandamus is ordered dismissed in part.

Relator further asks this Court to compel the Honorable Al Bennett, presiding judge of the 61st District Court of Harris County, (1) to sign a final dismissal order, in accordance with this Court's opinion of October 11, 2012; and (2) to vacate his sanctions order of April 19, 2013. On October 11, 2012, this court dismissed relator's appeal from the trial court's order reinstating the case because a motion for sanctions was still pending. *See Solum Engineering, Inc. v. Starich,* No. 14-11-00891-CV; 2012 WL 5307849 (Tex. App.—Houston [14th Dist.] Oct. 11, 2012, pet. denied) (mem. op). The trial court reinstated the case for the limited purpose of hearing and ruling on the motion for sanctions.[1] Accordingly, the order of dismissal became final when that pending matter was resolved. Because relator

---

[1] We take judicial notice of our records. *See Tello v. Bank One, N.A.,* 218 S.W.3d 109, 113 n. 4 (Tex.App.—Houston [14th Dist.] 2007, no pet.).

has an adequate remedy by appeal, the petition for writ of mandamus is ordered denied in part.[2]

Relator's request for a stay of appeal pending our decision on the petition is denied.


PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison.

---

[2] We note relator has filed a notice of appeal from the sanctions order.