

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00398-CV

LUREA HORNBUCKLE                                    APPELLANT

V.

KELLER WILLIAMS REALTY, KAN                          APPELLEES
BOONME, ASPREI INVESTMENT
AND VARUNEE JUME PHELPS

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
## TRIAL COURT NO. 2015-006016-1

----------

## MEMORANDUM OPINION[1]

----------

Appellant Lurea Hornbuckle complains of the trial court's dismissal of her

case. Appellees Keller Williams Realty, Kan Boonme, Asprei Investment, and

Varunee Jume Phelps contend that we should uphold the trial court's dismissal

---

[1]*See* Tex. R. App. P. 47.4.

(Keller Williams and Boonme) and dismiss the appeal (Asprei and Phelps). Because we hold that the trial court properly dismissed Appellant's case on the basis of her status as a vexatious litigant and her failure to obtain permission to file that case, we dismiss this appeal.

Appellant has repeatedly filed lawsuits contesting the foreclosure on a specific piece of real property in Arlington, Texas. She was designated a vexatious litigant as a result of at least one of these lawsuits and as a result of her status as an heir to her husband's estate. We take judicial notice of pleadings filed and prefiling orders rendered in two prior district court cases[2] as well as the "List of Vexatious Litigants Subject to a Prefiling Order" maintained by the Office of Court Administration (OCA), which includes links to copies of the prefiling orders.[3]

Specifically, in trial court cause number 352-244389-10, styled *Lurea Hornbuckle or William Hornbuckle, Sr. v. Massachusetts Mutual Life Insurance*

---

[2]*See* Tex. R. Evid. 201; *In re A.K.A.*, No. 05-13-00640-CV, 2014 WL 3845776, at *1 n.1 (Tex. App.—Dallas Aug. 6, 2016, pet. denied) (mem. op.); *In re B.T.*, No. 02-14-00339-CV, 2015 WL 4776112, at *1 n.2 (Tex. App.—Fort Worth Aug. 13, 2015, no pet.) (mem. op.); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 113 n.4 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

[3]Available at http://www.txcourts.gov/judicial-data/vexatious-litigants/ (last visited Dec. 8, 2016); *see* Tex. R. Evid. 201; *Peyton v. Nadarajah*, No. 02-13-00358-CV, 2014 WL 1327512, at *1 n.2 (Tex. App.—Fort Worth Apr. 3, 2014, pet. dism'd) (mem. op.); *Johnson v. Marsh*, No. 02–13–00406–CV, 2014 WL 982377, at *1 n.2 (Tex. App.—Fort Worth Mar. 13, 2014, no pet.) (mem. op.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 11.104(b) (West Supp. 2016) (requiring OCA to post on its website a list of vexatious litigants subject to a prefiling order).

*Company, Bank of America National Association and Barrett Daffin Frapier & Engle*, the 153rd District Court ordered on June 10, 2010,

> that Plaintiffs, Lurea Hornbuckle and William Hornbuckle Sr. (deceased), and the estate of William Hornbuckle Sr., be and are hereby declared vexatious litigants under Chapter 11 of the Texas Civil Practice and Remedies Code.
>
> . . . .
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs are prohibited from filing any new litigation pertaining to the claims asserted in this matter, **against any defendant involved in all prior litigation on these claims**, in any court in this state. [Emphasis added.]

Appellees do not contend that they were involved in prior litigation, but in another vexatious litigant order on February 10, 2011, in trial court cause number 153-247693-10, styled *Ronald Jones and William Hornbuckle Jr. v. Massachusetts Mutual Life Insurance Company and Bank of America National Association and R. Dwayne Danner, Kelly Orlando, and Robert T. Mowery*, the same district court

> ORDERED, ADJUDGED and DECREED that Plaintiffs, Ronald Jones and William Hornbuckle, Jr. ("Plaintiffs") and **any and all heirs to the estate of William Hornbuckle Sr**. be and are hereby declared vexatious litigants relative to the causes of action contained herein and in the cases included in Exhibit A, under Chapter 11 of the Texas Civil Practice and Remedies Code. See Exhibit A, attached hereto and made a part thereof.
>
> . . . .
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs, Ronald Jones and William Hornbuckle, Jr. ("Plaintiffs") **and any and all heirs to the estate of William Hornbuckle Sr. are prohibited from filing any new litigation related to the claims asserted in this matter or in the matters included in the causes**

3

***of action listed in Exhibit A, against any defendant, in any court in this state.*** [Emphasis added.]

As the wife of the deceased William Hornbuckle, Sr., Appellant is an heir to his estate.[4] The petition in cause number 153-247693-10 complained of the foreclosure of the Arlington property. The claims in the underlying case likewise pertain to that same property and relate back to that same complained-of foreclosure. Thus, Appellant was prohibited from filing the underlying litigation absent permission from the local administrative district judge.[5]

On June 11, 2015, Appellant did seek permission from the Regional Presiding Judge for the Eighth Region, who instructed her to ask the local administrative judge for Tarrant County, Judge Wayne Salvant, for permission to file her suit. Appellant admits in her amended petition that she never contacted Judge Salvant. She filed her suit in justice court. The suit was transferred to County Court at Law No. 1, which granted Keller Williams and Boonme's motion to dismiss the entire lawsuit for Appellant's failure to comply with the requirements of Chapter 11 of the Texas Civil Practice and Remedies Code.

Appellant is a vexatious litigant. She had no permission to file the lawsuit and did not obtain permission despite ample notice. The motion to dismiss the

---

[4]*See* Tex. Est. Code Ann. §§ 201.002–.003 (West 2014) (providing that a spouse inherits from her intestate spouse); *Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV, 2011 WL 1901975, at *1 & n.2 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.) (providing that Appellant is William Hornbuckle Sr.'s wife and that he died intestate).

[5]*See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102(a)(2) (West Supp. 2016).

4

lawsuit was on file almost a month before the trial court dismissed the case. Consequently, we hold that the trial court properly dismissed the underlying case, and we dismiss this appeal.[6]

PER CURIAM

PANEL:  DAUPHINOT, J; LIVINGSTON, C.J.; and SUDDERTH, J.

DELIVERED:  December 22, 2016

---

[6]*See id.* § 11.1035; *see also* Tex. R. App. P. 42.3, 43.2(f).