AHEARN, Respondent, vs. BORNGESSER, Appellant.

*October 31—November 19, 1912.*

*Real-estate brokers: Commissions: Securing purchaser able to pay cash: Evidence: Competency: Weight and sufficiency.*

In an action by a real-estate broker to recover a commission for securing a purchaser for defendant's land, testimony of the proposed purchaser that he was ready, able, and willing to buy the land and to pay the entire purchase price in cash, was not incompetent on the ground that he was testifying to a conclusion and not to a fact; and such testimony, especially when uncontroverted and not impeached by anything elicited on cross-examination, was sufficient to support a verdict in accordance therewith.

APPEAL from a judgment of the circuit court for Milwau-
kee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

The complaint in this action alleged that plaintiff entered
into an agreement with the defendant whereby he was to se-
cure a purchaser for certain real estate owned by the defend-
ant and that he was to receive for his services all in excess of
$48,000 paid for the property; that he found a purchaser who
was able, ready, and willing to pay $50,000; that the parties
were brought together and that the proposed terms of the pur-
chaser were accepted by the defendant, but that defendant
failed and neglected to consummate the sale and afterwards
sold and conveyed the property to another person. The an-
swer put in issue all the allegations of the complaint. The
jury returned a verdict in favor of the plaintiff, and from a
judgment entered on such verdict the defendant appeals.

For the appellant there were briefs by *Reukema & Lemke,*
attorneys, and *Wm. H. Bennett,* of counsel, and oral argument
by *Otto A. Lemke.* They contended, *inter alia,* that when the
agreement is to sell for cash, evidence as to ability is not suffi-
cient unless satisfactory proof is made (1) either that the pur-
chaser has ready cash in hand, (2) or that the purchaser has en-
tered into contractual relations with a person who has the cash
to furnish at the proper time. *Harmon v. Enright,* 107 Mo.
App. 560, 81 S. W. 1180; *Neiderlander v. Starr,* 50 Kan.
766, 32 Pac. 359; *Dent v. Powell,* 93 Iowa, 711, 61 N. W.
1043; *Hammond v. Mitchell,* 61 Ill. App. 144; *McGavock v.
Woodlief,* 20 How. 221; *Mattingly v. Pennie,* 105 Cal. 514,
39 Pac. 200; *McCune v. Badger,* 126 Wis. 186, 105 N. W.
667; *McCabe v. Jones,* 141 Wis. 540, 541, 124 N. W. 486.
The financial ability of the purchaser will not be presumed,
but must be proven by the broker. *Colburn v. Seymour,* 29
Colo. 292, 76 Pac. 1058, 1059; *Tracy v. Fobes,* 132 Iowa,
250, 109 N. W. 772; *Wenks v. Hazard* (Iowa) 121 N. W.
1058; *Watters v. Dancey,* 23 S. Dak. 481, 122 N. W. 430,
432; *Forrester v. Price,* 6 Misc. 308, 26 N. Y. Supp. 799;

*Young v. Ruhwedel,* 119 Mo. App. 231, 96 S. W. 228; *Wei-sels-Gerhart R. E. Co. v. Epstein,* 157 Mo. App. 101, 137 S. W. 326; *Shaw v. Chiles,* 9 Ga. App. 460, 71 S. E. 745; *Schoenmann v. Whitt,* 136 Wis. 332, 117 N. W. 851.

*Thos. H. Dorr,* for the respondent.

BARNES, J.    Under the terms of his contract the agent was obliged to secure a purchaser who was able to pay cash.    The agent produced a prospective purchaser who expressed a willingness to buy the property and pay cash therefor, but stated that he would prefer to pay part of the purchase price in cash and secure time on the remainder.    The evidence tended to show that the defendant was willing to make the concessions requested by the purchaser in reference to the manner of payment, but that he stated that his sister owned a half interest in the property and that he could not consent to sell on time until he had consulted with her, and that he would do so and advise the purchaser whether it would be necessary to pay the entire purchase price in cash.    He failed to inform the purchaser of the attitude of his sister and within a very short time sold the property to another party.

The various contentions made by the appellant are really directed to two propositions.    First, the evidence was not sufficient to warrant the jury in finding that the plaintiff had produced a purchaser who was ready, able, and willing to buy the premises in question; and second, that if there was any evidence in the case tending to support the conclusion of the jury, such evidence was improperly admitted.

The prospective purchaser testified that he was ready, able, and willing to buy the premises and pay cash therefor, if the defendant insisted that the entire purchase price be paid in cash.    There is nothing substantial in the record to contradict this testimony.    The jury was at perfect liberty to believe it and evidently did believe it, and its conclusion cannot be set aside as not supported by the evidence.

However, if this evidence was incompetent, then there was no other evidence in the case tending to show that the proposed purchaser was able to consummate the deal, and the judgment should be reversed. *Donohue v. Padden,* 93 Wis. 20, 66 N. W. 804; *Arnold v. Nat. Bank,* 126 Wis. 362, 105 N. W. 828; *Riemer v. Rice,* 88 Wis. 16, 59 N. W. 450; *McCabe v. Jones,* 141 Wis. 540, 124 N. W. 486. The objection to the competency of the evidence is that the witness testified to a conclusion rather than to a fact. The question as to whether or not the purchaser was able to pay in cash was a question of fact. It was or should have been a fact within the knowledge of the witness. We see no more objection to his testifying to it than there would be to a witness testifying to his age or the state of his health or his financial worth, if these matters were relevant subjects of inquiry. The defendant had ample opportunity on cross-examination to make inquiry as to the amount of property owned by the witness, the character of the property, the amount of his indebtedness, and the extent of his ability to secure credit, as well as any other fact which would tend to break down or impeach the statement made on direct examination. For aught that appears here, the proposed purchaser might have drawn his check on the bank for the entire purchase price and have had it honored. We see no objection to permitting a party who has made an offer for property to testify that he was able to pay for it.

*By the Court.*—Judgment affirmed.