A. F. Park v. C. A. Swartz et al.

No. 2596.   Decided May 26, 1920.

(222 S. W., 156.)

**Contract—Sale of Land—Exclusive Agency—Damages.**

Defendants, owners of town lots, made a contract giving to plaintiff the exclusive agency for selling them, at a fixed compensation for each sale made. After he had incurred expense in advertising, traveling, etc., and had made sales of part, they violated the contract by selling the remaining lots directly or through other agents. Held, that the agent was *prima facie* entitled to the compensation fixed by the contract if those sales had been made by him, in the absence of any showing by defendants justifying their breach of contract or indicating that but therefor plaintiff himself would not have been able to make the sales. (Pp. 555, 556).

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Park sued Swartz and another for breach of contract and recovered judgment. Defendants appealed and secured a reversal, 159 S. W., 338. On dissent from this ruling by Chief Justice Conner, Park obtained writ of error.

*Alexander, Power & Ridgway* for plaintiff in error.

The execution of the contract and its breach by defendants in error were established by the evidence as found by the trial Judge, and there was no testimony to the contrary and no excuse shown by the record for the breach of the contract; it is also undisputed that appellee in good faith undertook the performance of the contract, paid out large sums of money in traveling expenses, advertising, etc., sold numerous contracts, and was still performing his part of the contract when further performance was made impossible by the sale of all the remaining purchaser's contracts by defendants through other agents. The breach of the contract being undisputed and undefended, plaintiff in error's loss, *prima facie*, is what he would have received had he been permitted to sell as his contract gave him the right, and hence, the damages to which he is entitled as compensation under the circumstances of this case should be measured in the terms of the contract which specified a sum certain. Dissenting Opinion of Chief Justice Conner herein; Hagan v. Nashville, etc., 136 S. W., 993; Metcalf v. Kent, 73 N. W., 1036; Durkee v. Gunn, 21 Pac., 640; Lapham v. Flint, 90 N. W., 780; Carle v. Parcut, Montreal L. Rep., 52 B., 541; Hitchcock v. Supreme Tent, etc., 58 N. W., 640.

Plaintiff in error having shown a full compliance on his part with the contract up to the time of the breach by defendants in error, and such breach rendering further compliance impossible, and the

contract naming the compensation, the burden should be upon defendants in error to show by pleading and proof facts to reduce or defeat the recovery of the compensation named in the contract, having wholly failed to discharge this burden the judgment of the District Court should have been affirmed.   Same authorities, and Donnan v. Hahn, 30 S. W., 134;   Green v. Cole, 24, S. W., 1058; 19 Cyc., 264;   Meacham on Agency, sec. 222.

*Goree & Turner,* for defendants in error.—A contract which makes a person exclusive sales agent of lots, or contracts, with full power and authority over the management of said sales, does not entitle such person in a suit thereon, to recover commissions on sales of such lots, or contracts, made by other persons, or agents, unless he alleges and shows that he was thereby prevented from consummating a sale of the lots, or contracts, himself.   Jackson v. Stephenson, 114 S. W., 848;   Waterman v. Boltinghouse, 23 Pac., 195;   J. I. Case Threshing  Mach. Co. v. Wright Hdw. Co., 130 S. W., 729;   Dole v. Sherwood, 5 L. R. A., 720;   Roberts v. Minneapolis Threshing Mach. Co., 67 N. W., 607;   English v. Wm. George Realty Co., 117 S. W., 1000; Duvall v. Moody, 60 S. W., 269.

Plaintiff declared upon a written contract attached to and made a part of his first amended original petition, and must recover, if at all, upon the terms thereof.   Said contract was introduced in evidence and contains no provisions entitling plaintiff to compensation, on sales of lots or ''purchasers' contracts'' made by persons or agents other than himself and agents authorized by him to sell; and there· fore the trial court erred in rendering judgment against the defendants for $3,290, which plaintiff alleged was due him as commissions on the sale of 118 ''purchasers' contracts'' made by persons or agents unknown to him, and which sales, he alleges, were unauthorized by him to be made.   Same authorities.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The defendants Swartz and Harris entered into a written contract with the plaintiff Park whereby he was to have the exclusive agency for the sale of certain lots belonging to the defendants in a town in Oklahoma for a stipulated compensation for each sale.   According to the findings of the trial court the plaintiff entered upon the performance of the contract, expending about $1,000 in advertising the lots, for traveling expenses, etc., in carrying out the contract, and making a number of sales.   While the contract was in full force, the defendants breached it and made its further performance by the plaintiff impossible by selling the remaining lots themselves or through other means.   The plaintiff, on his part, had faithfully performed the contract up to that time.   His suit was for the breach of the contract.   He was awarded judgment in the amount as fixed by

the contract for the sales which the action of the defendants deprived him from making.

On the appeal, the judgment was reversed by the honorable Court of Civil Appeals for the Second District, Chief Justice Conner dissenting. Because of the dissent and our belief that the judgment should have been affirmed, we granted the writ of error.

The loss suffered by the plaintiff is the measure of his damages. That loss is the amount as fixed by the contract which he would have earned but for the wrongful conduct of the defendants in preventing him from earning it. Upon establishing the contract, his readiness and willingness to perform it, and that he was denied opportunity to perform it through its wrongful breach by the defendants, rendering its performance by him impossible, the plaintiff made out his case; and *prima facie* was entitled as damages to the amount which under the contract he would, presumably, have earned if his rights had been respected. If the plaintiff could not or would not have performed the contract, regardless of its breach by the defendants, it was incumbent upon them to make the proof. This, they failed to do. Their action alone, according to the record here, was responsible for the plaintiff's being unable to perform it fully and completely. They denied him the right to perform it and are in no position to complain of the judgment.

We think Judge Conner's view of the case was correct.

The judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.