## ALLEN v. CITY REALTY CO. (No. 2459.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 17, 1921.)

1. **Brokers** ⬅⟹11—Evidence held sufficient to support findings for real estate agents suing for breach of contract.

Evidence, in a suit by real estate agents for a breach of an employment contract, *held* sufficient to support findings of the jury in their favor.

2. **Judgment** ⬅⟹256(6)—Judgment for an amount different from verdict was erroneous.

In an action for a breach of contract to permit plaintiffs to sell real estate, where a verdict was returned for $125, entering judgment for $200, the amount of commission plaintiffs would have earned, without first setting aside the verdict, was erroneous under Rev. St. art. 1994, requiring that a judgment shall conform to the verdict.

Appeal from Bowie County Court; O. B. Pirkey, Judge.

Action by the City Realty Company against H. A. Allen. From judgment for plaintiff, defendant appeals. Reformed and affirmed.

Wheeler & Robison, of Texarkana, for appellant.

Rodgers & Rodgers, of Texarkana, for appellee.

HODGES, J. [1] The appellees, A. F. Elder and Y. C. Edmonds, doing business under the name of the City Realty Company, sued the appellant Allen for damages resulting from the breach of a contract. Appellees are real estate agents, and the evidence shows they entered into a written contract with Allen by which they were to have the

exclusive right for 60 days to sell certain property, the price being fixed at $4,000.00, and the commissions at 5 per cent. According to the testimony of the appellees, before the terms of their contract expired they found a purchaser who was ready, able, and willing to take the property at the price named; but when Allen was informed of that fact he refused to entertain the offer, upon the ground that he had sold the property to another party. Appellees also testified that they had expended considerable money and labor in advertising the property and in showing it to prospective purchasers. They demanded of Allen the full amount of their commissions, $200; and, upon his refusal to pay that sum, this suit was instituted in the justice court, and later appealed to the county court. In the county court the facts were submitted to a jury upon special issues, in response to which they found that appellees had not produced a purchaser who was ready, willing, and able to take the property upon the terms named, but that they were prevented from so doing by the conduct of Allen. The jury also found that Allen had breached his contract, and fixed the amount of damages resulting from that breach at $125. Upon those findings the court entered a judgment in favor of the appellees for the sum of $200, the full amount of the commissions claimed.

[2] We think the evidence fully supports the findings of the jury upon the main issues. The case is not materially different from Park v. Swartz, 110 Tex. 564, 222 S. W. 156. The true measure of damages may have been the full amount of the commissions contracted for. The suit was one for the breach of the contract; and the damages resulting from that breach having been submitted to the jury, the court had no right to enter up a judgment for a different amount without first setting aside the finding of the jury upon that issue. Rev. Civ. Stat. art. 1994; Waller v. Liles, 96 Tex. 21, 70 S. W. 17.

The judgment will be reformed, and judgment here entered in favor of the appellees for the sum of $125. The costs of this appeal, however, will be adjudged against the appellees. As reformed, the judgment will be affirmed.