### LUNDELL v. ALLEN.    (No. 2024.)

(Court of Civil Appeals of Texas.  Amarillo. Nov. 1, 1922.  Rehearing Denied Nov. 29, 1922.)

1. **Brokers ⬳11—That commissions were to be paid from sale price constitutes no defense, where vendor's breach of contract prevented consummation of sale.**

That commissions were to be paid from sale price constitutes no defense to broker's action for damages, where vendor's breach of contract prevented consummation of sale.

2. **Brokers ⬳46—Owner, limiting his own right to sell, liable where he sells himself.**

Owner listing property for sale and expressly limiting his right to sell, as where exclusive agency is given, may become liable for commissions if he sells himself.

3. **Brokers ⬳11—Can recover commission where owner sold without notice after allowing broker definite time to close with purchaser.**

Though broker's purchaser had no enforceable contract with vendor because his option was without consideration and not in writing, the owner's agreement to allow the broker a definite time to close gives the broker a cause of action if the owner himself sells to another without first notifying the broker as agreed.

4. **Evidence ⬳471(15)—Broker's purchaser could show as statement of fact he was able to purchase.**

In an action for commissions, broker's purchaser could show as a statement of fact he was able to purchase the land.

5. **Appeal and error ⬳730(1) — Assignment that "the court erred in not sustaining defendant's objections" to the general charge held too general.**

Where seven separate objections were presented to the general charge, an assignment merely that "the court erred in not sustaining defendant's objections" thereto was too general to be considered, in view of Rev. St. art. 1612, and Rule 26 of the Courts of Civil Appeals (142 S. W. xii), requiring grounds of error relied on to be distinctly specified.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by Ed. D. Allen against Charles Lundell.  Judgment for plaintiff, and defendant appeals.  Affirmed.

Bledsoe & Mullican, of Lubbock, for appellant.

Bean & Klett, of Lubbock, for appellee.

BOYCE, J.  Ed. D. Allen sued Charles Lundell for the sum of $1,182.50.  The petition is in two counts.  In the first count it is alleged that the defendant listed 473 acres of land in Lubbock county with the plaintiff for sale at $52.50 per acre, and agreed that if plaintiff should sell the land at such price he should receive the sum of $2.50 per acre as commission; that plaintiff secured a prospective purchaser, one H. A. Castleberry, who was pleased with the land and ready to buy it as soon as he secured the cash necessary to complete the purchase; that about September 1, 1919, it was agreed that the defendant would give the plaintiff until October 1, 1919, to sell the property to Castleberry, and further that, in the event Lundell himself should find a purchaser before said time, he would not sell without first notifying the plaintiff and permitting him an opportunity of closing with Castleberry; that about the 13th day of September, 1919, the said Castleberry was ready, willing, and able to purchase said land under the terms of the enlistment, but defendant thereupon refused to sell.  Under the second count the contract of enlistment and agreement of September 1, 1919, above referred to, was again set out, and it was further alleged that on September 13, 1919, Castleberry came to Lundell with the intention of closing said purchase, and was then ready, willing, and able to do so; that prior to such time the defendant had, without notice to plaintiff, or Castleberry, sold all or most of said land, placing it beyond his power to sell to Castleberry; that Castleberry was ready and able to buy at the time of Lundell's sale to another, and, had defendant notified plaintiff or Castleberry of the fact that he had another purchaser, the sale to Castleberry would have been consummated, and the plaintiff would have earned said commission; that by defendant's breach of his said contract plaintiff was pre-

vented from earning said commission of $1,182.50, and damages thereby in such amount.

The evidence was conflicting. The defendant admitted the contract of original enlistment, but denied making the contract of September 1st. The jury found that the agreement of September 1st, as alleged, was made; that no notice of a proposed sale by Lundell himself was given as agreed therein; that Castleberry was ready, willing, and able to buy the land before Lundell sold to another on September 10, 1919; and that plaintiff was the procuring means of causing Castleberry to become ready and willing to buy said land. Judgment was rendered for the plaintiff.

[1] The first proposition is that under the enlistment contract the payment of commissions was dependent on a completion of sale as the commissions were to be paid only out of the purchase price and that since the sale was not made no recovery could be had. The plaintiff alleged, and the jury found, that but for the breach by defendant of his contract of enlistment the sale would have been consummated. The failure of consummation under such conditions could be no obstacle to plaintiff's recovery of such damages as resulted from the breach. Park v. Swartz, 110 Tex. 564, 222 S. W. 156.

[2, 3] The second proposition is that an owner listing his property for sale has 'the right to sell the property himself without becoming liable for a commission. This is true of the ordinary enlistment that contains no express limitation on the right of the owner to sell or to make other enlistments. But the owner may make a valid contract to exclusive agency or limit his own right to sell in any way the parties may agree upon, and in case of a breach of such contract, to the damage of the broker, there is no reason why the owner should not be liable for such damages. Park v. Swartz, 110 Tex. 564, 222 S. W. 156; Mechem on Agency, § 2451; 9 C. J. 575, 576. The fact that Castleberry made no enforceable contract with defendant, because the option given him was without consideration and was not in writing, does not affect the plaintiff's right. The contract between plaintiff and defendant, fixing a definite time within which plaintiff might conclude the negotiations with Castleberry and thus earn the commission, was a valid one, and its breach gave plaintiff a cause of action. Authorities already cited and Curlee v. Phelps (Tex. Civ. App.) 242 S. W. 520, and Cotten v. Willingham (Tex. Civ. App.) 232 S. W. 572.

[4] We do not think there was error in the admission of the testimony of Castleberry that he was at the time in question able to purchase the land. This is a statement of fact. The defendant, if he desired to do so, could on cross-examination have inquired as to any matters that would have tested the credibility of the statement. Ahearn v. Borngesser, 151 Wis. 194, 138 N. W. 607; Kincheloe Irrigating Co. v. Hahn Bros. & Co., 105 Tex. 235, 146 S. W. 1187.

[5] The fourth assignment presented as the fifth proposition is that—

"The court erred in overruling and in not sustaining defendant's objections and exceptions to the general charge of the court as made prior to the reading of said charge to the jury, and filed as a part of the record in this case."

There were seven separate objections presented to the court's charge. The assignment and proposition are too general to be considered. R. S. art. 1612; Rule 26 for Courts of Civil Appeals (142 S. W. xii).

The sixth proposition presents the same question discussed by us in considering the first proposition and will, for the reasons there stated, be overruled.

We find no reversible error presented, and the judgment will be affirmed.