Affirmed and Majority and Dissenting Opinions filed January 9, 2007








Affirmed and Majority and Dissenting Opinions filed
January 9, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00888-CV

_______________

 

PABLO TELLO, Appellant

 

V.

 

BANK ONE, N.A. and BANC ONE ACCEPTANCE CORP.,
Appellees

                                                                                                                                               


On Appeal from the County Civil Court
at Law No. 2

Harris County, Texas

Trial Court Cause No. 786,601

                                                                                                                                               


 

 D I S S E N T I N G  O P I N I O N

 








Appellees
Bank One, N.A. (ALienholder@) and Banc One Acceptance Corporation (AAssignee@) filed suit against appellant Pablo
Tello to recover sums they claim were owing under the lease agreement; however,
they attached only part of the lease agreement to their pleadings, and when
they moved for summary judgment in the trial court, they made the same
mistake.  Consequently, our appellate record contains only part of the contract
upon which the trial court=s summary judgment is based.  As explained in more detail
below, this omission is significant because to recover damages for breach of a
contract as a matter of law, the movant must establish the amount of damages
flowing from the breach. In this case, the part of the lease agreement omitted
from our record contains terms regarding early termination of the lease, any
security interest in the vehicle, and  default charges C parts that would show how much Tello
would owe if he terminated the lease before the end of its term and how much
the Lienholder and the Assignee (hereinafter collectively ABank One Entities@) would be entitled to recover for
breach of the lease agreement.  Moreover, because the Assignee does not have
the vehicle and has no way of knowing the amount of mileage on the vehicle, it is
not possible to calculate any applicable mileage penalty, a data point
necessary to determine the amount ostensibly due under the lease.  Based on the
portions of the lease that are in the summary-judgment evidence, Tello
owes only a fraction of the amount the trial court awarded in actual damages.

In his
appellate brief, Tello asserts that the trial court erred in granting summary
judgment as to the amount of contract damages for which he is liable. 
Construing Tello=s brief liberally, as this court must, Tello argues that the
traditional summary-judgment motion and attached evidence did not prove the
lack of a genuine issue of fact and that the Bank One Entities are entitled to
judgment as a matter of law for the damages awarded on their contract claim. 
This assertion is correct and should be sustained, but rather than reaching the
merits of Tello=s winning argument, the court erroneously concludes that
Tello should lose based on a failure to preserve error.  








According
to the majority, Tello did not expressly present his sixth issue to the trial
court, thereby waiving this issue.  This analysis is based on the majority=s conclusion that Tello=s argument is not an attack on the
sufficiency of the summary-judgment motion, a point that need not be raised in
the trial court to be asserted on appeal.  This conclusion is incorrect
because, under a liberal construction, Tello=s argument under his sixth issue
challenges the sufficiency of the Bank One Entities= motion and proof of their
entitlement to summary judgment on their contract claim.  Therefore, contrary
to the majority=s assertion, this argument did not have to be raised in the
trial court.  See Anderson Hosp. and Tumor Inst. v. Willrich, 28 S.W.3d
22, 23 (Tex. 2000) (stating that, as to traditional motions for summary
judgment, nonmovant has no duty to respond unless the movant conclusively
establishes its claim or defense).  There is no valid basis to find waiver for
failure to preserve error in the trial court. 

The
court also holds that Tello waived this point through inadequate briefing. 
This analysis, though a somewhat subjective call, is contrary to the standards
the Texas Supreme Court has articulated for disposing of parties= appellate rights without reaching
the merits of their appellate points.  Under both the Texas Rules of Appellate
Procedure and Texas Supreme Court precedent, this court must construe the
briefing rules reasonably, yet liberally. See Tex. R. App. P. 38.1(h), 38.9; Republic Underwriters Ins.
Co. v. Mex‑Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004).  Substantial
compliance with the briefing rules may be sufficient, and this court is not
required to insist on unerring compliance with them. Bufkin v. State,
179 S.W.3d 166, 174 (Tex. App.CHouston [14th Dist.] 2005), aff=d, No. PD-0012-06, CS.W.3dC, 2006 WL 3077474,  (Tex. Crim. App.
Apr. 26, 2006).  Texas courts have embraced this liberal briefing standard
largely because the proper objective of a reviewing court is to reach a just,
fair, and equitable adjudication of the rights of litigants under established principles
of substantive law.  While well-organized and sharply focused writing is always
appreciated, that is not the standard by which we determine the legal adequacy
of appellate briefs.  The Texas Supreme Court has set a far more forgiving
standard, one that requires appellate courts to construe arguments liberally so
that parties= poor presentation of their appellate points does not result in a
forfeiture of the opportunity for a merits review. 








Ideally,
an appellant=s brief should contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record.  Tex. R. App. P. 38.1(h).  We must
interpret this requirement reasonably and liberally.  See Tex. R. App. P. 38.1(h), 38.9; Mex‑Tex,
Inc., 150 S.W.3d at 427; see also Tribble & Stephens Co v. RGM
Constructors, L.P., 154 S.W.3d 639, 675 (Tex. App.CHouston [14th Dist.] 2004, pet.
denied) (plurality op.) (construing appellate brief liberally as asserting that
contract was ambiguous even though brief did not state that contract was
ambiguous).  Applying these standards in construing Tello=s appellate brief, this court should
discern, at a minimum, an argument challenging the trial court=s summary judgment in favor of the
movants, the Bank One Entities, on their contract claim.

Under
the applicable standard of review, we must take as true all evidence favorable
to Tello and make all reasonable inferences in his favor.  See Dolcefino v.
Randolph, 19 S.W.3d 906, 916 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  Thus, in evaluating the propriety of summary judgment, we must
consider the following facts and all reasonable inferences therefrom:

Tello,
who speaks Spanish but does not read or speak English, went to Randall Reed
Ford in May 1999, to buy a truck.  He signed a contract, written in English,
which he believed to be an agreement to purchase the vehicle, based on
conversations he had with the Spanish-speaking salesman.  However, the contract
he signed was a lease agreement and he unknowingly had agreed to lease C not buy C the truck. The lease identified an
assignee, Bank One Texas Leasing Corporation, to whom monthly payments were to
be made.  Tello made monthly payments on the truck for the next three years. 
Then one day he called to find out the outstanding balance and was told that he
had not bought the truck but had leased it instead.  While still current in
his  payments, in July 2002, Tello returned the truck to Randall Reed Ford, and
continued to make payments on it through September 2002.








        In  his sixth
issue, Tello asserts that the trial court erred in granting summary judgment
because, under the applicable standard of review, Tello=s affidavit raised a genuine issue of
material fact regarding the amount of contract damages for which he is liable
to the Bank One Entities.  Tello points to his testimony that, after he learned
the agreement he signed was a lease and not a sales contract, he returned the
vehicle to Randall Reed Ford.  Tello then asserts that (1) A[t]he motion for summary judgment and
its supporting evidence must show there is no genuine issue of a material fact
and that the movant is entitled to judgment as a matter of law@; and (2) A[h]ad the trial court taken into
account appellant=s claim that he returned the vehicle, the damages would be
significantly decreased.@ (citations omitted).  Read liberally, Tello=s brief contains the argument that,
based on his return of the truck three years after signing the contract and
three months before he stopped making payments, the trial court erred in
granting summary judgment on the Bank One Entities= contract claim because their motion
and supporting evidence did not show that they are entitled to judgment as a
matter of law for the amount of damages awarded BB more than $29,000, before attorney=s fees.  Tello points to his
summary-judgment proof that he returned the vehicle to Randall Reed Ford in
July 2002, and asserts that, if this evidence is true (and we must presume that
it is), then the damages would be significantly decreased.  








The
majority reaches the wrong conclusion C that the Bank One Entities are
entitled to summary judgment on their claim for contract damages C partly because it is asking (and
then answering) the wrong question.  The inquiry is not whether Tello defeated
the Bank One Entities= traditional summary-judgment motion but whether the Bank One
Entities, as movants, established their entitlement to the amount of damages
awarded as a matter of law. The majority erroneously frames the issue as one of
Tello failing to establish an offset when it is actually a failure by the Bank
One Entities to carry their summary-judgment burden C or even to present a prima facie
case to recover the amount of damages awarded under the lease.  Instead of
faulting the movants (the Bank One Entities) for failing to show from their own
summary-judgment proof how they arrived at the amount awarded, the majority
criticizes the non-movant (Tello) for failing to Acite any authority or evidence to
inform us why he was allegedly entitled to offset the Bank=s damages or otherwise defeat summary
judgment.@[1]  The problem with the summary
judgment is not what Tello failed to do in attacking it, but what the Bank One
Entities failed to do in the first instance to prove their damages as a matter
of law. 

Recovery
under a lease agreement is not automatic nor is there a universal measure of
damages for breach.  AThe ultimate goal in measuring damages for a breach‑of‑contract
claim is to provide just compensation for any loss or damage actually sustained
as a result of the breach.@  Mays v. Pierce, 203 S.W.3d 573, 577 (Tex. App.CHouston[14th Dist.] 2006, pet.
filed); Walden v. Affiliated Computer Servs., Inc., 97 S.W.3d 303, 328
(Tex. App.CHouston [14th Dist.] 2003, pet. denied).  Typically, the measure of
damages in a breach‑of‑contract case is the benefit‑of‑the‑bargain
measure, the purpose of which is to restore the injured party to the economic
position it would have been in had the contract been performed.  Mays, 203
S.W.3d at 577; SAVA Gumarska in Kemijska Industria D.D. v. Advanced
Polymer Scis., Inc., 128 S.W.3d 304, 317 n.6 (Tex. App.CDallas 2004, no pet.).  Because the
movants failed to show what the contract provides as the measure of their
recovery (or to show from the terms of the contract that the damage
calculations would not be impacted by the missing portions of the contract),
the Bank One Entities failed to establish a prima facie case for the damages
awarded, let alone establish their entitlement to damages as a matter of law. 













 This is
not a suit on a sworn account in which the plaintiff=s sworn and unrefuted assertion of
the amount allegedly owed itself will constitute prima facie evidence of
damages; rather, this is a breach-of-contract case in which the movants are
required to prove their entitlement to damages by establishing the amount of
those damages under the terms of the contract.  See e.g. Park v. Swartz,
110 Tex. 564, 222 S.W. 156 (1920) (holding that plaintiff Aprima facie was entitled to as damages the amount
which under the contract he would, presumably, have earned . . .@)(emphasis added); Consol.
Petroleum Partners, I, LLC v. Tindle, 168 S.W.3d 894, 900 (Tex. App.CTyler 2005, no pet.) (determining
damages based on Athe amount of money to which [plaintiff] was entitled as
reimbursement pursuant to the agreement@) (emphasis added); Garza v.
Allied Fin. Co., 566 S.W.2d. 57, 62 (Tex. Civ. App.CCorpus Christi 1978, no writ)(holding
that summary-judgment evidence consisting of Athe manager=s affidavit and copy of the note
and security agreement present evidence establishing a prima facie
case in a suit on a promissory note . . .@) (emphasis added); Hagar v. Texas
Distrib., Inc., 560 S.W.2d 773, 775 (Tex. Civ. App.CTyler 1977, writ ref=d n.r.e.)(holding summary-judgment
proof sufficient in promissory note case after looking to the Aface of the note@ and determining the amount that was
due thereon).  The Bank One Entities not only failed to prove the terms of the
lease agreement that would entitle them to the sums awarded, they omitted
portions of it that are germane to their dispute with Tello and the proper
calculation of damages flowing from his alleged failure to perform.  As the
movants, the Bank One Entities had to present evidence to support the damages
they sought under the contract.  They failed to satisfy this burden.  It is
simply not possible to tell from the Bank One Entities= summary-judgment proof how much (if
any) is owing under the lease.  According to the Bank One Entities= affidavit, the first payment Tello
failed to make under the lease was the payment due in October 2002, three
months after Tello returned the vehicle to Randall Reed Ford.  While Randall
Reed Ford is an entity distinct from the Bank One Entities, the lease agreement
contains defined terms which include Randall Reed Ford and any party to whom
the lease is assigned in its definition of Awe,@ Aus,@ and Aour@ as used in the lease.  Furthermore,
the lease states at least three times that there are additional terms and
conditions on the reverse side of the pages of the lease, none of which are in
our record.  The lease portion that is in the record unambiguously
states that the back of the lease document contains Aadditional information on early
termination, . . . late and default charges, . . . and any security interest,
if applicable.@[2]  Because our record does not contain
a copy of the reverse sides of these pages, this court is not aware C and presumably the trial court was
not aware C of all of the terms of the lease, any one of which could undermine the
damage calculation proffered by the Bank One Entities.  The absence of the
contract or other proof of its terms creates an ambiguity that cannot be resolved
by turning to the summary-judgment proof before this court.  

Because
the part of the lease contained in the record does not address early
termination, default, credits, or what happens if Tello returns the vehicle
before expiration of the lease term, it provides no basis for determining the
amounts owing, if any, under the lease.  The Bank One Entities= summary-judgment affidavit states
the following: 

!         Tello missed at least six payments starting in October 2002.

!         After all offsets, payments, and credits were allowed and
applied, the outstanding balance on the lease including principal and interest
was $25,693.46 as of January 14, 2003.

!         Prejudgment interest has been accruing at the rate of six
percent per annum, which equates to $4.22 per day.








However, there is no
summary-judgment evidence addressing how credits are applied under the lease
agreement or addressing the effect, if any, of Tello=s return of the vehicle in July 2002,
on Tello=s liability for various sums
allegedly owing under the lease.  The Bank One Entities asserted that they did
not have the vehicle and that Tello had concealed it and refused to surrender
possession of it to them.  Nothing in their summary-judgment evidence shows
that the Bank One Entities had knowledge of the truck=s whereabouts or its odometer
reading.  Therefore, the Bank One Entities have no way of knowing the amount of
mileage on the truck to calculate any applicable mileage penalty.  Based on the
summary-judgment evidence and the parts of the lease the Bank One Entities did
attach to their motion, Tello would owe only $9,870 (21 monthly payments of
$470) plus a $350 return fee.  Nonetheless,  the trial court awarded the
Assignee in excess of $29,000 in actual damages, even though this amount is not
supported by the part of the contract contained in the summary-judgment
evidence and even though the missing parts of the lease (like certain parts of
it that are in the record) may use the term Awe@ or Aus@ for the person to whom the truck may
be returned, which terms would include Randall Reed Ford.   

Though
an affidavit containing a statement of balance due can in some instances
suffice to satisfy a movant=s summary-judgment burden, when, as in this case, the
summary-judgment affidavit itself creates a fact question that cannot be
resolved by turning to the summary- judgment proof, a material fact issue as to
the measure of damages arises and precludes summary judgment.  General
Specialties, Inc. v. Charter Nat'l Bank‑Houston, 687 S.W.2d 772, 774
(Tex. App. CHouston [14th Dist.] 1985, no writ) (ambiguous lump sum figure in suit
for collection on note, that is unexplained by other summary-judgment proof
raises fact issue precluding summary judgment); FFP Mktg. Co., Inc. v. Long
Lane Master Trust IV, 169 S.W.3d 402, 411B12 (Tex. App.CFort Worth 2005, no pet.).  Because
the Bank One Entities did not prove up all of the terms of the lease on which
they sought and obtained summary judgment, this court has no way of knowing the
appropriate amount of damages for breach of the agreement or whether Tello=s return of the vehicle affected the
calculation of damages under the Bank One Entities= contract claim.  These ambiguities
cannot be resolved by turning to their summary-judgment proof. Thus, on a
merits review, the summary-judgment evidence does not support the amount of
damages the Bank One Entities sought and the trial court awarded.  Therefore,
even if Tello had not responded at all, it would not have been proper to grant
summary judgment on the Bank One Entities= breach-of-contract claim.








 Moreover,
even if the Bank One Entities had not failed in the first instance, they still
would not be entitled to summary judgment because Tello raised a fact issue as
to the proper amount of damages based on his affidavit demonstrating he
returned the leased vehicle and received no credit for it.  Summary judgment is
not proper because Tello raised a fact issue that had the Bank One Entities
calculated the sums they claim are owing in accordance with the lease
agreement, the amount of damages awarded would have been less.  In Tello=s words, A[h]ad the trial court taken into
account appellant=s claim that he returned the vehicle, the damages
would be significantly decreased.@[3] (citations omitted). 

For these reasons, the Bank One Entities did not prove their entitlement
to summary judgment on their contract claim as a matter of law.  See
McCulley Fine Arts Gallery, Inc. v. AX@ Partners, 860 S.W.2d 473, 478 (Tex. App.CEl Paso 1993, no writ) (reversing
summary judgment based on failure to prove contract claim as a matter of law). 
This court should sustain Tello=s sixth issue, reverse the summary judgment as to the Bank
One Entities= contract claim against Tello, sever, and remand for further
proceedings.  Because it does not, I respectfully dissent.                                      

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and
Majority and Dissenting Opinions filed January 9, 2007.

Panel consists of
Justices Hudson, Frost, and Seymore. (Seymore, J., majority).

 

 









[1]  See majority opinion, at 11. 





[2]  Emphasis added.





[3]  Emphasis added.