TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00001-CV






Texas Energy Innovation, Inc., f/k/a Power Choice, Inc., Appellant // Hino Electric Power
Company, Inc. and Hino Electric Holding Company, L.P., Cross-Appellants


v.


Hino Electric Power Company, Inc. and Hino Electric Holding Company, L.P., Appellees //
Texas Energy Innovation, Inc., f/k/a Power Choice, Inc., Cross-Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GN-04-001109, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING






C O N C U R R I N G O P I N I O N


 I concur in the majority's judgment. I agree with the majority's conclusion that the
district court did not err in its summary judgment rulings (i) in favor of Hino Electric Power
Company, Inc., and Hino Electric Holding Company, L.P., (1) concerning Texas Energy Innovations,
Inc.'s (TEI) breach of contract claim and (ii) in favor of TEI concerning defendants' counterclaims
for fraud, breach of fiduciary duty, and legal malpractice. I do not join the majority's analysis and
write separately, however, concerning TEI's breach of contract claim. I would affirm the district
court's ruling based upon defendants' alternative no-evidence motion for summary judgment. 


TEI's Damage Expert

 As an initial matter, although the parties agree that expert testimony was not required
to prove damages, the circumstances surrounding the striking of TEI's damages expert, Jeff Heard,
are relevant here. 

 Pursuant to a scheduling order, the discovery period ended on May 5, 2006, and the
case was set for trial on June 5, 2006. In May 2006, TEI responded to defendants' request for
disclosure. TEI disclosed that its calculation of economic damages was not complete and would be
supplemented; TEI designated Heard as an expert to testify regarding damages but did not provide
information on his damages calculations at that time. Later in May, TEI produced Heard's expert
report, and defendants deposed Heard. Heard testified that his damages calculations did not include
the costs that TEI would have incurred in performing under the contract but that TEI's estimated
costs should be included in the calculations. On June 2, 2006, TEI produced Heard's revised
damages calculations that included TEI's estimated "Costs of Operations" as an offset to the income
that TEI would have received under the contract, but TEI did not provide back-up data to support
these cost figures. 

 Defendants thereafter moved to strike Heard's testimony and report, or alternatively
for a continuance, because TEI "failed to meet the requirements of rule 194 [of the rules of civil
procedure] regarding the production of information relating to expert opinions" and materially
altered its damages computation by including TEI's estimated costs. Defendants urged that the
"latest damage computation report [from Heard] . . . contains an entirely new category of information
first provided the Friday before trial." See Tex. R. Civ. P. 194; see also id. 193.6(a) (party who fails
to respond to discovery in timely manner may not introduce the information in evidence that was not
disclosed unless the trial court finds good cause or that the failure to disclose will not unfairly
surprise or prejudice the other parties). After a hearing, the district court continued the trial date and
ordered that TEI produce Heard for another deposition and that TEI "may not materially amend its
damages calculations any further." 

 The parties' dispute continued with Heard's deposition occurring on June 9, 2006,
and defendants' counsel filing a letter with the court on June 12, 2006, objecting, among other
things, to Heard's reliance on three non-disclosed consulting experts to support the "Costs of
Operations" in his revised damages calculations. Attached to counsel's letter were (i) TEI's
interrogatory response that it did not have any consulting experts, and (ii) notes from one of TEI's
principals, Robert Webb, that Heard relied upon to form his opinions as to TEI's estimated costs in
his revised damages calculations. Counsel contended that Webb's letter "relay[ing] certain alleged
conversations he held with these three new consultants" showed that TEI improperly was relying on
non-disclosed consulting experts to support its estimates of costs. (2) 

 The district court reconsidered defendants' motion to strike in another hearing and
entered a subsequent order striking Heard as a witness and further ordered "that the prior order
prohibiting any further material changes to the Plaintiff's damage calculations" remain in effect. On
appeal, TEI has not challenged the district court's ruling striking its damages expert and limiting its
damages calculations. In this context, I turn to the district court's ruling on defendants' motion for
summary judgment. 


Partial Summary Judgment in Favor of Defendants


 After the district court struck TEI's only damages expert and limited its damages
calculations as a sanction, defendants sought summary judgment under rule 166a(c) of the rules of
civil procedure, contending that their summary judgment proof conclusively established that TEI
could not prove that the alleged breach caused any damage to TEI and, alternatively, sought
summary judgment under rule 166a(i), contending that TEI lacked evidence of damages. See Tex. R.
Civ. P. 166a(c), (i). The district court granted defendants' motion without specifying the basis for
its ruling. Because it is dispositive, I limit my analysis to defendants' no-evidence ground. See Tex.
R. App. P. 47.1; Tex. R. Civ. P. 166a(i); FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868,
872 (Tex. 2000) (when trial court does not specify ground for its ruling, court of appeals must affirm
the summary judgment if any ground is meritorious). (3)


Standard of Review of No-Evidence Summary Judgment


 In a summary judgment motion under rule 166a(i), the movant contends that there
is no evidence of one or more essential elements of the claims for which the non-movant would bear
the burden of proof at trial, and the trial court must grant the motion unless the respondent produces
summary judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i). The
respondent is "not required to marshal its proof; its response need only point out evidence that raises
a fact issue on the challenged elements." Tex. R. Civ. P. 166a(i) (cmt.--1997). 

 This Court reviews the evidence in an appeal from a no-evidence summary judgment
under the legal sufficiency standard of review, the same standard that this Court applies to appeals
from directed verdicts and judgments notwithstanding the verdict. See City of Keller v. Wilson,
168 S.W.3d 802, 822-23 (Tex. 2005). A legal sufficiency challenge is sustained when (1) the record
discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of
evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence
offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes
conclusively the opposite of a vital fact. Id. at 810.


Measure of Damages 


 TEI contends that its role would have been one of a broker and that its measure
of damages was five percent of defendants' electric power purchases subject to the contract from
2003 to the time of trial. TEI compares its measure of damages to a claim for a real estate broker's
commission. See Park v. Swartz, 222 S.W. 156, 156-57 (Tex. 1920) (breached real estate
commission contract serves as prima facie evidence of damages fixed by contract). But, even
accepting TEI's characterization of its role as a broker of electric power, the contract between the
parties contemplated the purchase of electric power over a period of years at unspecified prices and,
therefore, is not comparable to a real estate broker's commission. Further, TEI's proposed measure
of damages does not square with its own expert's opinion that TEI's costs to perform should be
included in TEI's damages calculations or the general measure of damages for breach of contract. 

 "The universal rule for measuring damages for the breach of a contract is just
compensation for the loss or damage actually sustained." Phillips v. Phillips, 820 S.W.2d 785, 788
(Tex. 1991) (quoting Stewart v. Basey, 245 S.W.2d 484, 485-486 (Tex. 1952)); see also Arthur
Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 817 (Tex. 1997) (out-of-pocket and
benefit-of-the-bargain damages defined and compared). "Generally, the measure of damages for
breach of contract is that which restores the injured party to the economic position he would have
enjoyed if the contract had been performed." Mood v. Kronos Prods., Inc., 245 S.W.3d 8, 12 (Tex.
App.--Dallas 2007, pet. denied). Without including the costs to perform under the contract, TEI
would be placed in a better economic position than it would have enjoyed if the contract had been
performed. See Phillips, 820 S.W.2d at 788; Mood, 245 S.W.3d at 12. 

 I would conclude that TEI's costs to perform under the contract were necessarily
required as a component of TEI's measure of damages in addition to the income it would have
received from the contract. To defeat defendants' no-evidence motion, TEI therefore was required
to provide evidence creating a genuine issue of material fact as to its costs to perform. See Tex. R.
Civ. P. 166a(i). I turn then to a review of the summary judgment evidence.

 

Summary Judgment Evidence


 In its response to defendants' motion, TEI pointed to the parties' live pleadings, an
affidavit from Webb, (4) the contract between TEI and Hino Power, TEI's motion for leave to file its
third amended petition, and the petition, limiting its request for damages to those from the date of
the contract to the date of trial. TEI contended that no additional evidence was needed because the
damages could be calculated based upon the recital of five percent in the contract and historical facts. 
TEI urged that invoices and ledgers previously produced by defendants showed that "some
$88 million of power subject to the 5% fee had been purchased for resale" by defendants through
March 2006 and that "some $4.4 million in payments to [TEI] are due and owing on the basis of
historical fact" and that Webb and Mark White, principals of TEI, would be able to provide
"information on what [TEI] has spent in preparing to fulfill its contractual obligations." 

 On appeal, TEI also points to evidence attached to defendants' motion for summary
judgment. The defendants' evidence included (i) defendants' motion to strike TEI's damages expert
Heard with an attachment of Hino Holding's general ledger showing its purchases of electric power
from 2003, and (ii) the June 2006 letter by defendants' counsel to the district court with the
attachment of Webb's notes with estimated costs to perform. 

 The only possible evidence pointed to by TEI of its costs to perform under the
contract was Webb's notes to Heard that were provided as an attachment by defendants' counsel to
the district court concerning defendants' motion to strike the expert. Defendants provided the notes
to support their position that Heard's revised damages calculations improperly relied upon
non-designated consulting experts. The district court agreed with the defendants. On this record,
given the unchallenged district court ruling striking the expert and limiting TEI's damages
calculations, I would conclude that the district court was barred from giving any weight to the only
evidence of TEI's costs to perform--Webb's notes. See City of Keller, 168 S.W.3d at 810. The
remaining evidence of TEI's damages--the five percent recital in the contract--was legally
insufficient by itself to create a genuine issue of material fact. Id.

 Because costs to perform were a necessary component of TEI's measure of damages
and TEI failed to produce evidence that created a genuine issue of material fact of its costs and
without evidence other than the contract itself, I would affirm the district court's summary judgment
ruling on defendants' no-evidence ground. See Tex. R. Civ. P. 166a(i). For these reasons, I concur
in the judgment. 


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Filed: December 18, 2009

1. I refer to Hino Electric Power Company, Inc., as "Hino Power," Hino Electric Holding
Company, L.P., as "Hino Holding," and the Hino entities collectively as "defendants."
2. Webb's notes are titled "Notes for Estimate of [TEI] Costs for Brokering Electric Power
Supply for [Hino Power] (in 2006 dollars)." Webb provided estimated costs to Heard and the
sources for his estimates, including conversations that he had with certain specified individuals. 
Webb states in relevant part:


 As you requested, I have typed up my notes on how I prepared a cost estimate for
providing power broker service to [Hino Power] based on their power purchase
patterns and levels during 2004 and 2005. The sources of my information are
identified with a local phone number for you to confirm any of the information they
have provided.


* * *


 The most difficult part of the estimate of maintaining a staff and office for power
brokering for [Hino Power] was estimating the size and complexity of the actual
electric load to be served. Based on the data on contracts and billing obtained from
third party [ ] and its affiliates, I inquired about the size of operation to two former
colleagues, [ ] . . . 

 

 I also confirmed the general office resources for providing power brokering service
in ERCOT with [ ], who is an experienced advisor . . . . 
3. Although it is not entirely clear, the majority purports to affirm the district court's ruling
in favor of defendants under rule 166a(c). But, it was defendants' burden to negate TEI's damages
to be entitled to summary judgment under rule 166a(c). See Tex. R. Civ. P. 166a(c); Centeq Realty,
Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995) (to obtain summary judgment, defendant must
either negate at least one element of the plaintiff's theory of recovery or conclusively establish each
element of an affirmative defense). Given that for purposes of their summary judgment motion,
defendants did not challenge (i) the validity of the contract between TEI and Hino Power that
provided a five-percent fee to TEI, (ii) defendants' breach of the contract, (iii) TEI's ability
to perform under the contract, and (iv) defendants' electric power purchases beginning in
2003, defendants failed to establish their entitlement to summary judgment under rule 166a(c).
4. Webb averred that (i) he was an owner of TEI; (ii) the document attached to the response
was the contract between the parties; (iii) he was an attorney licensed to practice law in Texas and
that his primary area of practice was administrative law, usually dealing with public utilities; and
(iv) "[u]nder the terms of the [contract] payment of 5% of the cost of all purchases of electric power
by Hino is to be made to [TEI] except for electricity purchased by Hino from ERCOT, the
independent system operator."