# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00001-CV

**Texas Energy Innovation, Inc., f/k/a Power Choice, Inc., Appellant // Hino Electric Power Company, Inc. and Hino Electric Holding Company, L.P., Cross-Appellants**

**v.**

**Hino Electric Power Company, Inc. and Hino Electric Holding Company, L.P., Appellees // Texas Energy Innovation, Inc., f/k/a Power Choice, Inc., Cross-Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. GN-04-001109, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I concur in the majority's judgment. I agree with the majority's conclusion that the district court did not err in its summary judgment rulings (i) in favor of Hino Electric Power Company, Inc., and Hino Electric Holding Company, L.P.,[1] concerning Texas Energy Innovations, Inc.'s (TEI) breach of contract claim and (ii) in favor of TEI concerning defendants' counterclaims for fraud, breach of fiduciary duty, and legal malpractice. I do not join the majority's analysis and write separately, however, concerning TEI's breach of contract claim. I would affirm the district court's ruling based upon defendants' alternative no-evidence motion for summary judgment.

---

[1] I refer to Hino Electric Power Company, Inc., as "Hino Power," Hino Electric Holding Company, L.P., as "Hino Holding," and the Hino entities collectively as "defendants."

*TEI's Damage Expert*

As an initial matter, although the parties agree that expert testimony was not required to prove damages, the circumstances surrounding the striking of TEI's damages expert, Jeff Heard, are relevant here.

Pursuant to a scheduling order, the discovery period ended on May 5, 2006, and the case was set for trial on June 5, 2006. In May 2006, TEI responded to defendants' request for disclosure. TEI disclosed that its calculation of economic damages was not complete and would be supplemented; TEI designated Heard as an expert to testify regarding damages but did not provide information on his damages calculations at that time. Later in May, TEI produced Heard's expert report, and defendants deposed Heard. Heard testified that his damages calculations did not include the costs that TEI would have incurred in performing under the contract but that TEI's estimated costs should be included in the calculations. On June 2, 2006, TEI produced Heard's revised damages calculations that included TEI's estimated "Costs of Operations" as an offset to the income that TEI would have received under the contract, but TEI did not provide back-up data to support these cost figures.

Defendants thereafter moved to strike Heard's testimony and report, or alternatively for a continuance, because TEI "failed to meet the requirements of rule 194 [of the rules of civil procedure] regarding the production of information relating to expert opinions" and materially altered its damages computation by including TEI's estimated costs. Defendants urged that the "latest damage computation report [from Heard] . . . contains an entirely new category of information first provided the Friday before trial." *See* Tex. R. Civ. P. 194; *see also id.* 193.6(a) (party who fails

2

to respond to discovery in timely manner may not introduce the information in evidence that was not disclosed unless the trial court finds good cause or that the failure to disclose will not unfairly surprise or prejudice the other parties).  After a hearing, the district court continued the trial date and ordered that TEI produce Heard for another deposition and that TEI "may not materially amend its damages calculations any further."

The parties' dispute continued with Heard's deposition occurring on June 9, 2006, and defendants' counsel filing a letter with the court on June 12, 2006, objecting, among other things, to Heard's reliance on three non-disclosed consulting experts to support the "Costs of Operations" in his revised damages calculations.  Attached to counsel's letter were (i) TEI's interrogatory response that it did not have any consulting experts, and (ii) notes from one of TEI's principals, Robert Webb, that Heard relied upon to form his opinions as to TEI's estimated costs in his revised damages calculations.  Counsel contended that Webb's letter "relay[ing] certain alleged conversations he held with these three new consultants" showed that TEI improperly was relying on non-disclosed consulting experts to support its estimates of costs.[2]

---

[2]  Webb's notes are titled "Notes for Estimate of [TEI] Costs for Brokering Electric Power Supply for [Hino Power] (in 2006 dollars)."  Webb provided estimated costs to Heard and the sources for his estimates, including conversations that he had with certain specified individuals. Webb states in relevant part:

> As you requested, I have typed up my notes on how I prepared a cost estimate for providing power broker service to [Hino Power] based on their power purchase patterns and levels during 2004 and 2005.  The sources of my information are identified with a local phone number for you to confirm any of the information they have provided.

* * *

3

The district court reconsidered defendants' motion to strike in another hearing and entered a subsequent order striking Heard as a witness and further ordered "that the prior order prohibiting any further material changes to the Plaintiff's damage calculations" remain in effect. On appeal, TEI has not challenged the district court's ruling striking its damages expert and limiting its damages calculations. In this context, I turn to the district court's ruling on defendants' motion for summary judgment.

### *Partial Summary Judgment in Favor of Defendants*

After the district court struck TEI's only damages expert and limited its damages calculations as a sanction, defendants sought summary judgment under rule 166a(c) of the rules of civil procedure, contending that their summary judgment proof conclusively established that TEI could not prove that the alleged breach caused any damage to TEI and, alternatively, sought summary judgment under rule 166a(i), contending that TEI lacked evidence of damages. *See* Tex. R. Civ. P. 166a(c), (i). The district court granted defendants' motion without specifying the basis for its ruling. Because it is dispositive, I limit my analysis to defendants' no-evidence ground. *See* Tex. R. App. P. 47.1; Tex. R. Civ. P. 166a(i); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868,

---

The most difficult part of the estimate of maintaining a staff and office for power brokering for [Hino Power] was estimating the size and complexity of the actual electric load to be served. Based on the data on contracts and billing obtained from third party [ ] and its affiliates, I inquired about the size of operation to two former colleagues, [ ] . . .

I also confirmed the general office resources for providing power brokering service in ERCOT with [ ], who is an experienced advisor . . . .

4

872 (Tex. 2000) (when trial court does not specify ground for its ruling, court of appeals must affirm the summary judgment if any ground is meritorious).[3]

***Standard of Review of No-Evidence Summary Judgment***

In a summary judgment motion under rule 166a(i), the movant contends that there is no evidence of one or more essential elements of the claims for which the non-movant would bear the burden of proof at trial, and the trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i). The respondent is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ. P. 166a(i) (cmt.—1997).

This Court reviews the evidence in an appeal from a no-evidence summary judgment under the legal sufficiency standard of review, the same standard that this Court applies to appeals from directed verdicts and judgments notwithstanding the verdict. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822-23 (Tex. 2005). A legal sufficiency challenge is sustained when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence

---

[3] Although it is not entirely clear, the majority purports to affirm the district court's ruling in favor of defendants under rule 166a(c). But, it was defendants' burden to negate TEI's damages to be entitled to summary judgment under rule 166a(c). *See* Tex. R. Civ. P. 166a(c); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995) (to obtain summary judgment, defendant must either negate at least one element of the plaintiff's theory of recovery or conclusively establish each element of an affirmative defense). Given that for purposes of their summary judgment motion, defendants did not challenge (i) the validity of the contract between TEI and Hino Power that provided a five-percent fee to TEI, (ii) defendants' breach of the contract, (iii) TEI's ability to perform under the contract, and (iv) defendants' electric power purchases beginning in 2003, defendants failed to establish their entitlement to summary judgment under rule 166a(c).

5

offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Id*. at 810.

*Measure of Damages*

TEI contends that its role would have been one of a broker and that its measure of damages was five percent of defendants' electric power purchases subject to the contract from 2003 to the time of trial. TEI compares its measure of damages to a claim for a real estate broker's commission. *See Park v. Swartz*, 222 S.W. 156, 156-57 (Tex. 1920) (breached real estate commission contract serves as *prima facie* evidence of damages fixed by contract). But, even accepting TEI's characterization of its role as a broker of electric power, the contract between the parties contemplated the purchase of electric power over a period of years at unspecified prices and, therefore, is not comparable to a real estate broker's commission. Further, TEI's proposed measure of damages does not square with its own expert's opinion that TEI's costs to perform should be included in TEI's damages calculations or the general measure of damages for breach of contract.

"The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained." *Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex. 1991) (quoting *Stewart v. Basey*, 245 S.W.2d 484, 485-486 (Tex. 1952)); *see also Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 817 (Tex. 1997) (out-of-pocket and benefit-of-the-bargain damages defined and compared). "Generally, the measure of damages for breach of contract is that which restores the injured party to the economic position he would have enjoyed if the contract had been performed." *Mood v. Kronos Prods., Inc.*, 245 S.W.3d 8, 12 (Tex. App.—Dallas 2007, pet. denied). Without including the costs to perform under the contract, TEI

6

would be placed in a better economic position than it would have enjoyed if the contract had been performed. *See Phillips*, 820 S.W.2d at 788; *Mood*, 245 S.W.3d at 12.

I would conclude that TEI's costs to perform under the contract were necessarily required as a component of TEI's measure of damages in addition to the income it would have received from the contract. To defeat defendants' no-evidence motion, TEI therefore was required to provide evidence creating a genuine issue of material fact as to its costs to perform. *See* Tex. R. Civ. P. 166a(i). I turn then to a review of the summary judgment evidence.

***Summary Judgment Evidence***

In its response to defendants' motion, TEI pointed to the parties' live pleadings, an affidavit from Webb,[4] the contract between TEI and Hino Power, TEI's motion for leave to file its third amended petition, and the petition, limiting its request for damages to those from the date of the contract to the date of trial. TEI contended that no additional evidence was needed because the damages could be calculated based upon the recital of five percent in the contract and historical facts. TEI urged that invoices and ledgers previously produced by defendants showed that "some $88 million of power subject to the 5% fee had been purchased for resale" by defendants through March 2006 and that "some $4.4 million in payments to [TEI] are due and owing on the basis of

---

[4] Webb averred that (i) he was an owner of TEI; (ii) the document attached to the response was the contract between the parties; (iii) he was an attorney licensed to practice law in Texas and that his primary area of practice was administrative law, usually dealing with public utilities; and (iv) "[u]nder the terms of the [contract] payment of 5% of the cost of all purchases of electric power by Hino is to be made to [TEI] except for electricity purchased by Hino from ERCOT, the independent system operator."

historical fact" and that Webb and Mark White, principals of TEI, would be able to provide "information on what [TEI] has spent in preparing to fulfill its contractual obligations."

On appeal, TEI also points to evidence attached to defendants' motion for summary judgment. The defendants' evidence included (i) defendants' motion to strike TEI's damages expert Heard with an attachment of Hino Holding's general ledger showing its purchases of electric power from 2003, and (ii) the June 2006 letter by defendants' counsel to the district court with the attachment of Webb's notes with estimated costs to perform.

The only possible evidence pointed to by TEI of its costs to perform under the contract was Webb's notes to Heard that were provided as an attachment by defendants' counsel to the district court concerning defendants' motion to strike the expert. Defendants provided the notes to support their position that Heard's revised damages calculations improperly relied upon non-designated consulting experts. The district court agreed with the defendants. On this record, given the unchallenged district court ruling striking the expert and limiting TEI's damages calculations, I would conclude that the district court was barred from giving any weight to the only evidence of TEI's costs to perform—Webb's notes. *See City of Keller*, 168 S.W.3d at 810. The remaining evidence of TEI's damages—the five percent recital in the contract—was legally insufficient by itself to create a genuine issue of material fact. *Id*.

Because costs to perform were a necessary component of TEI's measure of damages and TEI failed to produce evidence that created a genuine issue of material fact of its costs and without evidence other than the contract itself, I would affirm the district court's summary judgment

ruling on defendants' no-evidence ground. *See* Tex. R. Civ. P. 166a(i). For these reasons, I concur in the judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Filed: December 18, 2009